# BUD LANDRUM v. STATE.

No. A-5352.   Opinion Filed March 20, 1926.
(244 Pac. 208.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of grand larceny, and sentenced to serve a term of one year in the state penitentiary.

The record discloses that in the month of August, 1923, there was stolen from an oil lease in the possession of George Wilson some cable and other items of oil field equipment of a value of about $150. On or about the same date the defendant sold to one Sam Ginsburg, who ran a junk yard at Muskogee, a load of junk consisting of scrap iron, some cable, and certain items of property claimed by Wilson, which a few days later were discovered, identified, and recovered. The defendant admits selling the load of junk, and admits there was some cable in the load and other property from an oil lease, but denies that the cable was the property of Wilson but some old cable found at

another place, and that the other items were junk from his home or that had been given him.

Among the assignments, it is contended that the evidence is insufficient to sustain the verdict and judgment. We have examined the record closely on this point, and, without going into details, find that there is sufficient evidence to sustain the verdict.

It is next argued that the court erred in limiting the examination of the witness Ginsburg as to the price paid for the load of junk. This was not sought to be elicited as fixing the value to reduce the offense to petit larceny, but to affect the credibility of the witness Ginsburg, by tending to show he purchased valuable property for a nominal consideration. It will be observed that the question did not go to the value of the property in question, but merely as to what was paid for it. The right of cross-examination is important to a defendant, and, where it is unduly limited upon any material matter, or where it appears that the credibility or the interest or bias or prejudice of the witness is sought to be shown, is prejudicial error. Such, however, does not appear from the record before us.

Lastly, it is argued that there was misconduct of the county attorney. In the course of the cross-examination of the defendant, he was asked if, in the preliminary, he did not get the stuff, referring to the stolen property, from some widow woman, which the defendant denied, and he was then asked if he did not produce the woman, and if she did not testify in his behalf, which he answered in the negative. In the presence of the jury, the county attorney then said:

"Q. I know there was. Did not a woman testify down there in the preliminary hearing in your behalf?"

This assertion of the county attorney was not rebuked

by the court, and it appears to us manifestly unfair for an official occupying the position of prosecutor to place his personality in the scales against a defendant. If the testimony of the defendant that he had not called or offered a woman to testify to a different state of facts in the preliminary was testimony subject to impeachment, there was a proper and legal way to do it. It could not be impeached by the unsworn ex parte statement of the county attorney. Pickrell v. State, 5 Okla. Cr. 391, 116 P. 957; Selfridge v. State, 27 Okla. Cr. 22, 224 P. 742.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.