## ED BRUMMETT v. STATE.

No. A-6237.   Opinion Filed Feb. 25, 1928.
(264 Pac. 224.)

Chester H. Lowry, Brown Moore, and R. J. Shive, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, Ed Brummett, hereinafter styled defendant, was by information charged with the crime, viz.:

"One Ed Brummett, then and there being, did then and there willfully and unlawfully manufacture and ferment one barrel of corn mash, with the unlawful intent of him, the said Ed Brummett, to then and there manufacture spirituous liquor, to wit, whisky, by cooking, boiling and distilling said whisky from said fermented mash."

A trial was had, and defendant was found guilty as charged in the information, but the jury failed to agree upon the punishment and wrote into the verdict, "cannot agree on punishment." The defendant was sentenced to pay a fine of $200 and costs of this action and serve a period of 60 days in the county jail. Motion for a new trial was filed and overruled, and defendant prosecutes his appeal to this court.

The evidence on behalf of the state shows that the officers went out to the farm occupied by the defendant, and, in searching around the premises, found what they claim to be a barrel of corn mash in an outbuilding a short distance from defendant's premises. Defendant, taking the witness stand in his own behalf, denied any knowledge of the barrel of mash on the premises, and stated that, if it was there, it was there without his knowledge and consent, and it was probably put there by his

son, who ran off while the officers were at his place. This, in substance, is all the testimony introduced at the trial.

The defendant has assigned several errors alleged to have been committed in the trial of his case. We will first consider the eleventh assignment of error of defendant, which is as follows:

"(11) For the reason that the defendant, plaintiff in error herein, did not have a fair and impartial trial in said cause on account of the misconduct of the county attorney in the introduction of the evidence and in the examination of the witness for the state and for the defendant, to which misconduct of the county attorney the defendant at the time objected and excepted, all of which resulted in arousing the passion and prejudice of the jury in said cause and diverted their minds from the consideration of competent evidence legally admissible against the defendant, all as shown by the record in said cause."

The above assignment of error goes to the conduct of the county attorney in the cross-examination of the defendant. That part of the cross-examination to which the defendant objected, and which objection was overruled and defendant duly excepted, is as follows:

"Q. Mr. Brummett, I am going to ask you if you didn't, on the 17th day of November, 1925, sell to one Thomas Steele, for the sum of $3, a quart of whisky, over at your house? A. No, sir; I didn't.

"By Mr. Moore: We object to that question as being incompetent, irrelevant, and immaterial, and for the further reason he is not on trial for the sale of whisky.

"By the Court: Objection overruled; exception allowed.

"By Mr. Suman: And now, Mr. Brummett, you stated to counsel that you never had anything to do with whisky out there? A. Yes, sir.

"Q. You know that you sold that whisky to Steele for the sum of $3. A. No, sir.

"By Mr. Moore: We object to the question as being incompetent, irrelevant, and immaterial and improper cross-examination.

"By the Court: Objection overruled; exception allowed.

"Q. And do you know where Tom Steele is now?

"By Mr. Moore: We object to that as being incompetent, irrelevant, and immaterial, and improper cross-examination. It is unfair to this witness. (And county attorney asked that this case be continued, and upon his statement in open court he asks that it be continued.)

"By Mr. Suman: I am cross-examining him on what his business was.

"By Mr. Moore: We object to that statement assuming something not in evidence by the court. (Objection overruled; exception allowed.)"

To each of the questions the defendant objected and the court overruled said objection. To the overruling of the objections to the questions propounded to the defendant by the county attorney, the defendant duly excepted. The manifest purpose of the questions asked by the county attorney, and to which the defendant objected, was to convey to the jury the impression that he knew that he had sold whisky. Certainly the county attorney had no reason to expect an affirmative answer to the questions asked, nor does the record disclose that the county attorney offered evidence to contradict the evidence of defendant. In our opinion the questions asked by the county attorney, and objected to by the defendant, were improper and were calculated to prejudice the minds of the jury against the defendant, and that the questions asked were prejudicial to the rights of the defendant..

Our statute permits proof of a prior conviction of the defendant in a criminal case for the purpose of affecting his credibility. This proof may be made from the record

or by cross-examination of the defendant; but it does not permit cross-examination as to other separate and distinct transactions or offenses, unless said testimony tends to prove the commission of the offense charged, and should in general be limited to matters pertinent to the issue. This court has passed upon this question many times.

In Pickrell v. State, 5 Okla. Cr. 391, 116 P. 957, the court said:

"Such conduct tends to destroy public respect for the prosecuting attorney's office and invites contempt for the dignity of the court. A person accused of crime is entitled to a fair and impartial trial conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent."

See Selfridge v. State, 27 Okla. Cr. 22, 224 P. 742; Baldwin et al. v. State, 11 Okla. Cr. 228, 144 P. 634; Nathan Byars v. State, 15 Okla. Cr. 308, 176 P. 253; Landrum v. State, 33 Okla. Cr. 417, 244 P. 208; Gabler v. State, 33 Okla. Cr. 317, 243 P. 981.

It is a well-settled rule of law that, when the defendant testifies in his own behalf, he is subject to cross-examination as an ordinary witness on matters affecting his credibility; however, it is the duty of the court to confine such examination within reasonable bounds, and it is an abuse of judicial discretion to allow questions to a witness which are manifestly calculated to create prejudice in the minds of the jury against the defendant testifying as a witness, it may influence them to find against him because of such prejudice. It is one thing to honestly ask questions on cross-examination for the purpose of discrediting a witness and quite another to ask

questions of a witness testifying in his own behalf for the purpose of injuring his case in the eyes of the jury and leading them to believe that he was likely to have committed the offense charged.

The objection of the defendant to the questions propounded was well taken, and the court should have sustained the same. The court erred in not reprimanding the county attorney for asking such questions, and in not sustaining the objection of the defendant and overruling the motion of the defendant for a new trial.

There are other errors assigned and argued by the defendant, but in the view we take of this record it is not necessary to consider them.

For the errors herein indicated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.