## Charley Keys v. United States.

No. 603, Ind. T.    Opinion Filed September 10, 1909.

(103 Pac. 874.)

1.   **LARCENY—Unbranded Horses—"Cattle."**  The word "cattle," as used in section 1655 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, sec. 998), does not include horses.

2.   **WITNESSES—Cross-Examination.**  It is not proper to ask a witness, on cross-examination, if he has been in jail.

(Syllabus by the Court.)

*Appeal from the United States Court of the Northern District of the Indian Territory, at Nowata; Wm. R. Lawrence, Judge.*

Charley Keys was tried and convicted in the United States Court for the Northern District, Indian Territory, October 26, 1904, on indictment charging him with the crime of larceny of a horse. The case was appealed to the United States Court of Appeals, Indian Territory, and was pending there at the admission of this state into the Union. The appeal was properly transferred to this court after its organization. Reversed and remanded.

*Preston S. Davis,* for appellant.—

On definition of "cattle": McClain on Criminal Law, vol. 2, § 1162; Webster's Unabridged Dictionary; Black's Law Diction-

ary, p. 180; Worcester's Dictionary; Cyc. vol. 6. pages 702, 703; *U. S. v. Maltock*, 2 Sawy. (U. S.) 148, 149, 26 Fed. Cas. No. 15,744; *Endere v. McDonald*, 5 Ind. App. 297, 31 N. E. 1056; *Randall v. Richmond, etc., R. Co.*, 107 N. C. 748, 749, 12 S. E. 605, 11 L. R. A. 460; *McIntosh v. The State*, 18 Tex. App. 284, 285; *People v. Barnes*, 65 Cal. 16, 17, 2 Pac. 493; *Henderson v. Wabash, etc., R. Co.*, 81 Mo. 605, 606; *State v. Groves*, 119 N. C. 822, 823, 25 S. E. 819; *Decatur First National Bank. v. St. Louis Home Saving Bank*, 21 Wallace (U. S.) 294, 299, Book 22, L. Ed. p. 560; *Newark, etc., Horse Car Ry. Co. v. Hunt*. 50 N. J. L. 308, 311, 12 Atl. 697; *Matthews v. State*, 39 Tex. Cr. 553, 554, 47 S. W. 647, 48 S. W. 189; *State v. Hambleton*, 22 Mo. 452.

*Charles West*, Atty. Gen., and *Charles L. Moore*, Asst. Atty. Gen., for the United States.

OWEN, JUDGE. Counsel for appellant urges two reasons for reversing this case.

First: Under section 1655 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 998), the taking of the horse would not make appellant guilty of larceny, for the reason that it was more than 12 months old, was running at large on the open range, and was not branded or marked.

Second. The court permitted the prosecuting attorney to ask the defendant, on the witness stand, if he had been arrested, and required the defendant to answer the question.

Section 1655 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 998), in force at the time of the alleged offense in this case, is as follows:

"Owners of cattle, hogs or sheep which run at large in the range or woods shall designate such animals, if over twelve months old, by brands or earmarks; otherwise, if taken or converted to the use of any other person, such person shall not be deemed guilty of larceny, but the owner may have his action for the value of such unmarked or unbranded animal."

The proof was to the effect that the animal alleged to have

been stolen was four years of age, unmarked and unbranded, and running at large on the open range.

Counsel for appellant urges that the term "cattle," as used in this section, includes horses, and therefore this appellant would not be guilty of larceny in taking the animal from the range. Counsel's presentation of this question, both in the oral argument and brief filed, was a very ingenious and forceful one. But we are unable to agree with his construction of this statute. There are some authorities to the effect that the term "cattle" in a penal statute includes horses. So far as we have been able to ascertain, these authorities are confined to the earlier cases and where the statutes construed used that term alone and without any words of qualification. In its primary sense the word "cattle," according to Webster, includes "animals, horses, asses, and all the varieties of domesticated horned beasts of the bovine genus." According to Webster it was used in this general sense in the Scriptures. This statute, relied on by counsel, does not confine the terms to "cattle," but uses this language, "owners of cattle, hogs or sheep." If the Legislature had intended that the word "cattle" should include all species of domesticated animals, the words "hogs or sheep" would not have been used. The mere fact that the words "hogs or sheep" appear is conclusive that the word "cattle" was not used in its primary sense, but in the common acceptation of the term, and was not intended to cover any other kind of animals.

Section 1628 of Mansfield's Digest (Ind. T. Ann. St. 1899, § 971) is as follows:

"Every person who shall mark, steal or kill, or wound, with intent to steal, any kind of cattle, pigs, hogs, sheep or goats, shall be guilty of a felony, and, upon conviction thereof, be imprisoned at hard labor in the penitentiary for any time not less than one year nor more than five years."

Section 1629 of the same statutes (section 972) is as follows:

"Whoever shall be convicted of stealing any horse, mare, gelding, filly, foal, mule, ass or jenny shall be imprisoned in the penitentiary not less than five nor more than fifteen years."

If the construction counsel places on section 1655 be correct, and the term "cattle" intended to cover all domesticated animals, including horses, then there is a conflict between that section and section 1629. Section 1629 makes it larceny to steal a horse of any age. Construing these three sections together, it is clear that section 1655 modifies section 1628, but does• not affect section 1629. Section 1655 modifies section 1628, and uses the same terms, "cattle, hogs and sheep." If there had been any intention to modify section 1629 the same terms would have been used that were used in that section. Section 1628 deals with "cattle, pigs, hogs, sheep or goats." Section 1629 deals with "horses, mules, and asses." This is conclusive that the Legislature used the word "cattle" in the common acceptation of the term. It would not be a reasonable construction to say that the Legislature in these two sections would use the terms "cattle" and "horses" in the common acceptation of the term, and as belonging to different classes, yet in section 1655 the same Legislature would use the word "cattle" to include horses. The Legislature not only placed them in different classes, but provided a more severe penalty for stealing horses than for stealing cattle. We are driven to the conclusion that the word "cattle," in section 1655, was used in the sense in which it is commonly used, and not to include horses.

As to the second reason urged, we find in the record, in the cross-examination of the defendant, the following:

"Q. Have you ever been in jail, Charley? Mr. Davis: We object to that question. The Court: I will overrule that objection. He may answer that question. Mr. Davis: The defendant excepts to the court's ruling. A. Yes, sir. Q. How many times have you been in jail, Charley? Mr. Davis: The defendant objects to the question, for the reason it is incompetent, immaterial, irrelevant, and not proper cross-examination. The Court: The objection will be overruled. Mr. Davis: The defendant excepts. A. I have been in jail three times. Q. Is that all, Charley? A. Yes, sir. Q. You have been in jail at Ft. Smith, Ark., haven't you? Mr. Davis: The defendant objects to this question, for the reason it is incompetent, immaterial, irrelevant, and not proper

cross-examination. The Court: The objection is overruled. Mr. Davis: The defendant excepts. A. Yes, sir. Q. You have been in jail at Muskogee? A. Yes, sir; but that was the same transaction. They moved me from Muskogee up here. Q. You have been in jail at Vinita? A. Yes, sir; but that is the same thing. They moved me from Muskogee to Vinita, and then up here. Q. You have been in jail at Coffeyville, Kan., haven't you? A. No; but I was at Independence. Q. Where else, Charley? A. That's all. Q. How long have you been in jail, Charley, all your life, all told? Mr. Davis: Defendant objects to the question for the reason it is incompetent, immaterial, irrelevant, and not proper cross-examination. The Court: The objection is overruled. Mr. Davis. The defendant excepts."

This constitutes reversible error. This court, in the case of *Slater v. United States,* 1 Okla. Cr. 275, 98 Pac. 110 (opinion by the Presiding Judge), held similar conduct on the part of the court and prosecuting attorney to be reversible error, and we feel that we can add nothing to the reasons given in that case. The error complained of in that case was that the witness, on cross-examination, was asked by the prosecution, "Have you ever been arrested?" to which the witness replied that he had. The witness was then compelled to answer what he had been arrested for. These questions were asked and answered over the objection and exception of counsel for appellant. The reasons given in that case are approved here.

The case will be reversed, and remanded to the district court of Nowata county, with directions to grant the defendant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.