## PHILIP HENDRIX v. STATE.

No. A-270.    Opinion Filed January 9, 1911.

1. WITNESSES—Cross-Examination—Criminal Record. For the purpose of affecting the credibility of a witness, he may be asked as to whether or not he has ever been convicted of a violation of the prohibitory liquor law of the state; but it is improper to ask him as to whether or not he has been arrested, imprisoned or indicted for any offense whatever, before conviction.

2. INSTRUCTIONS—Credibility of Witnesses. An instruction that the jury may disregard the entire testimony of any witness whom they believe to have testified falsely to any material fact, and which leaves out of consideration the question whether such false testimony was wilfully and knowingly given, is erroneous.

(Syllabus by the Court.)

*Appeal from Caddo County Court; B. F. Holden, Judge.*

Defendant was convicted of violating the prohibitory liquor law, and was fined $100 and sentenced to 60 days' imprisonment in the county jail, and he appeals. Reversed.

*C. H. Carswell,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. First. Upon the trial of this case when the defendant was upon the witness stand, the state was permitted on cross-examination for the purpose of affecting the credibility of the witness to prove that he had previously been convicted of violating the prohibitory liquor law of the state. In the case of *Slater v. United States*, 1 Okla. Cr. 275, 98 Pac. 110, this court held that, upon cross-examination for the purpose of affecting the credibility of a witness, he may be asked if he has ever been convicted of a felony or for any crime which involves a want of moral character, but it is improper to ask such witness if he had ever been indicted, arrested, or imprisoned before conviction for any offense whatever. Under this ruling, it would have been error to have asked the witness if he had ever been indicted, arrested, or imprisoned for any offense whatever; but to prove that he had been convicted of a felony or of any crime which involves a want of moral character goes directly to his credibility as a witness, and it is therefore proper. For the reasons supporting this distinction, see *Slater v. United States*, hereinbefore quoted.

The illegal sale of intoxicating liquor, wrongfully and deliberately committed, is an immoral, degrading, and degraded act, and is committed only by the lawless and unreliable classes of our population. It is a matter of common notoriety that in nine cases out of ten the "bootlegger" will not only not hesitate to commit perjury in his own behalf, but also he expects every man to whom he vends his stuff to commit perjury for him, should the occasion arise. The unlawful sale of intoxicating liquor involves moral turpitude, and shows a want of moral character. Therefore, for the purpose of affecting the credibility of a witness, he may be asked and required to answer whether he has been convicted of this offense.

Second. Upon the trial of this case the court instructed the jury as follows:

"You are further permitted under the law to disregard the whole or any part of any witness's testimony who has testified before you who in your judgment you believe has testified falsely to any material fact except insofar as such testimony is corroborated by other and competent testimony."

This instruction is erroneous. For a full discussion of our views upon this question, see *Logan Billingsley v. State (ante)*, decided at the present term. The testimony in this case was conflicting. The evidence for the defense directly contradicted that for the state. We therefore have no means of knowing as to whether this instruction weakened the force of the testimony for the defendant or for the state, and cannot say that the defendant was not injured by the erroneous instruction given.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

DOYLE and RICHARDSON, JUDGES, concur.