## A. O. CORLISS v. STATE.

No. A-2439.  Opinion Filed September 23, 1916.

(159 Pac. 1015.)

1.  **WITNESS—Trial—Examination of Witnesses.** Counsel have no right under the law in this jurisdiction to inquire of a witness whether or not he has been arrested upon a criminal charge. A witness can only be asked for the purpose of affecting his credibility if he has been convicted of crime.

    (b) A county attorney has no right to ask the defendant at bar if he has not been arrested on similar charges to the one upon which he is on trial. An examination of this character is prejudicial, and where permitted by the court, is reversible error.

2.  **TRIAL—Report of Case.** (a) It is the duty of the trial court to require the court reporter to take down all of the proceedings of every character from the beginning to the close of a criminal trial when a request therefor is made by counsel.

    (b) The failure or refusal upon the part of the trial court to require the reporter to take all or any part of the proceedings when requested by counsel for the accused, a judgment of conviction will be followed by reversal upon appeal.

(c) It is only necessary for the proceedings to disclose the fact that counsel for the defendant made such request and that the court failed or refused to comply therewith.

(d) When any controversy arises as to the demand by counsel for the defendant at bar that the proceedings be taken down by the reporter, the fact of such demand, and the failure or refusal of the court to comply therewith can be shown by affidavit of persons present who know the facts.

3. **TRIAL—Conduct of State's Counsel.** It is the duty of counsel for the state to introduce the testimony available to establish the charge against the defendant at the bar in the hearing in chief. The court should not permit a rehash of such testimony under the guise of rebuttal. Counsel for the state have no more right to reserve the principal testimony and introduce it under the guise of rebuttal, nor to rehash testimony introduced in chief under the guise of rebuttal than the accused would have to re-introduce his testimony after the state has closed the rebuttal. In a strict sense, only such testimony which goes to contradict or rebut something proved by the defendant is entitled to be introduced in rebuttal. The discretion of the trial courts allowed by the law in this jurisdiction in this respect should always be exercised with these rules of fairness in view.

*Appeal from the District Court of Payne County.*
*A. H. Houston, Judge.*

A. O. Corliss was convicted of felony, and appeals. Reversed.

*J. M. Springer,* for the plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J. Plaintiff in error, A. O. Corliss was convicted at the October, 1914, term of the district court of Payne county, upon a charge of maintaining a place where intoxicating liquors were kept and sold, and his punishment fixed at a fine of Two Hundred Fifty Dollars and imprisonment in the State Penitentiary for the term of one year and one day. From this judgment of conviction, plaintiff in error has duly prosecuted an appeal to this court.

The propositions preserved for review have been heretofore determined by this court.

The first assignment of error is based upon the failure of the court to exclude incompetent and irrelevant testimony. This

assignment covers several different phases of the testimony, among others, the proposition that the court permitted the county attorney to ask the plaintiff in error if he had not been arrested upon similar charges for conducting the same place as charged in the information. This the county attorney had no right to do, and this court has repeatedly so held. A discussion of the principle is not again required for the reason that the doctrine is too well established to be misunderstood. A witness can only be asked if he has been convicted of crime.

>*Porter v. State*, 8 Okla. Cr. 64, 126 Pac. 699.
>*White v. State*, 4 Okla. Cr. 143, 111 Pac. 1010.
>*Hendrix v. State*, 4 Okla. Cr. 611, 113 Pac. 244.

The second assignment of error is based upon the proposition that the court erred in refusing to require the reporter to take in shorthand and transcribe as a part of the record the argument of the county attorney, after due and proper demand had been made therefor by the attorney for the plaintiff in error. The court, it appears, had excused the reporter, and he was not in the court room, and therefore denied the request of the plaintiff in error to have the argument of the county attorney taken. The fact that the court reporter was out of the room is no fault of the plaintiff in error. We have repeatedly held, and that too in important cases, that controversies of this kind cannot be incorporated into the record by affidavits. Where the court refuses or fails to require the stenographer to take any part of the proceedings upon the defendant's request, then the fact of such refusal can be shown by affidavits. See 4 Okla. Cr. 641, *Lamm et al. v. State.* When questions of this kind arise, and the reporter is not available to record the proceedings as provided by law and uniformly followed by this court, it is the duty of the trial court to grant a new trial. Upon his failure to do so, this court will reverse the judgment regardless of the merits of that portion of the record thus omitted. In fact, it is the duty of this court, regardless of the materiality of the proposition, to reverse the judgment and award a new trial. The question of whether or not the particular controversy was material to the

issues is not important here. The court reporters are paid to take the proceedings in the trial court, and when a demand is made for the same, it is only necessary for the record to show that this demand was made and not complied with by the court. A reversal follows as a matter of right. But when counsel for the defendant requests the trial court to have the stenographer take down in shorthand any statement made by the prosecuting attorney during his argument to be made a part of the record on appeal, and the court refuses or fails to comply with this request, then the fact of his request and the court's refusal may be shown by affidavit or other competent evidence, and thus the refusal upon the part of the court so shown constitutes grounds for reversal without regards to the merits of the case.

Section 1786 R. L. provides "an attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attoney, shall be taken and transcribed or, when requested to require any statement to be taken down by the stenographer, a refusal of the court to permit any statement to be taken down by the stenographer, or transcribed after being taken down upon the same being shown by affiidavit or other competent evidence, to the Supreme Court will be deemed prejudicial error without regards to the merits thereof." The statute applies with equal force to proceedings in this court. So it is seen that the doctrine is settled both by acts of the legislature and decisions of this court.

The third assignment of error is based upon the contention that the court erred in permitting the county attorney to rehash the state's testimony after the defense had closed, under guise of rebuttal. The order of introducing testimony and the character of rebuttal permitted by the court is largely discretionary. It is, however, most unfair to permit a complete rehash of the testimony introduced in chief. The defendant would be justly entitled to introduce his testimony if such practice is permitted. In any trial, many of the authorities hold that only new testimony contradicting or rebutting something proved by the defendant is

entitled to be introduced in rebuttal. We are unable to see that this rule is either unfair or unjust to the State, and although the matter is largely discretionary, the trial courts are warned that an abuse of same or apparent disregard of the rights of a defendant, would warrant reversal. Fairness and equal recognition to the parties is essential.

Constitutional questions usually raised in this class of cases are not raised in the case at bar. The court is therefore not to be considered as committed to any particular view in these questions.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.

DOYLE, P. J., and BRETT, J., concur.