## NATHAN BYARS v. STATE.

No. A-2314.   Opinion Filed December 7, 1918.

(176 Pac. 253.)

**WITNESSES — Credibility of Defendant — Cross-Examination — Other Offenses.** For the purpose of affecting the credibility of a defendant as a witness, it is prejudicial error for the court to require the defendant to answer, on cross-examination, as to his having been charged with other offenses.

*Appeal from District Court, Greer County;*
*G. A. Brown, Judge.*

Nathan Byars was convicted of selling whisky to a minor, his motion for new trial was overruled, and he appeals. Reversed and remanded.

*Carpenter & Mills,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   Plaintiff in error, Nathan Byars, hereinafter styled defendant, was indicted by the grand jury of Greer county for "unlawfully, willfully, and feloniously selling, bartering, and giving away whisky to a minor," convicted of selling to a minor, and sentenced "to be confined in the state reformatory at Granite, Okla., at hard labor for a period of one year from the date which he shall be delivered to the warden of said reformatory, and to pay a fine of fifty dollars and costs of this action." The defendant's motion for new trial having been overruled, he prosecutes this appeal to this court.

We deem it unnecessary to recite any of the evidence in this case, other than the following part of the cross-examination of the defendant by the county attorney:

"Q. You have been charged with bootlegging. A. No, sir; I have never been convicted.

"Q. But quite a number of charges have been preferred against you, at one time, weren't they? A. A number."

To each of said questions the defendant objected, and the court overruled said objection, saying, "The fact of the charges is admissible; if he has been convicted that is admissible." To the overruling of said objections to the questions propounded to the defendant the defendant duly excepted.

The object of said question was, of course, to affect the credibility of the defendant as a witness, which might legally be done by his cross-examination, showing that he had been convicted of any crime; but it was prejudicial error to require the defendant to answer as to his having been charged with bootlegging or other crimes, as is held by this court in an unbroken line of decisions.

In *Slater v. United States*, 1 Okla. Cr. 275, 98 Pac. 110, it is held:

"For the purpose of affecting the credibility of a witness, he may be asked, on cross-examination, if he has been convicted of a felony or of any crime which involves want of moral character, but it is improper to ask such witness if he has been indicted, arrested, or imprisoned, before conviction, for any offense whatever."

In *Nelson v. State*, 3 Okla. Cr. 468, 106 Pac. 647, it is held:

"For the purpose of affecting the credibility of a witness he may be asked, on cross-examination, if he has been convicted of a felony, or of any crime which involves moral turpitude; but it is prejudicial error to ask such witness if he has been indicted, arrested, or imprisoned

for a misdemeanor, or if he has been charged or arrested or imprisoned, before conviction, for any offense whatever."

*Slater v. United States* and *Nelson v. State, supra,* have been followed and approved in the following cases: *Crawford v. Ferguson,* 5 Okla. Cr. 377, 115 Pac. 278, 45 L. R. A. (N. S.) 519; *Musgrave v. State,* 3 Okla. Cr. 421, 106 Pac. 544; *Lowry White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010; *Philip Hendrix v. State,* 4 Okla. Cr. 611, 113 Pac. 244; *Charles Keys v. United States,* 2 Okla. Cr. 647, 103 Pac. 874; *Dan Price v. United States,* 1 Okla. Cr. 291, 97 Pac. 1056; *Porter v. State,* 8 Okla. Cr. 64, 126 Pac. 699; *Smith v. State,* 14 Okla. Cr. 348, 171 Pac. 341.

In the Smith Case, *supra,* it is said:

"Our statute permits the proof of a prior conviction of a defendant in a criminal case for the purpose of affecting his credibility. Section 5046, Rev. Laws. This proof may be made either by the record or by the cross-examination of the defendant, and cross-examination as to other separate and distinct transactions and offenses is not permissible, unless such testimony tends to prove the commission of the offense charged, and should in general be limited to matters pertinent to the issue, or such as may be proved by other witnesses."

It follows that for the errors pointed out this case must be reversed and remanded.

DOYLE, P. J., concurs.