### ASH v. STATE.

No. A-11185.   Dec. 13, 1950.

(225 P. 2d 816.)

Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Harold Ernest Ash was charged in the court of common pleas of Tulsa county with the offense of reckless driving, found guilty by the jury and his punishment fixed at $100 fine, and 30 days' imprisonment, with the recommendation that the 30 day imprisonment be suspended.   In keeping with this verdict, the court sentenced defendant to pay a fine of $100, and 30 days in the county jail, and suspended the jail sentence. Appeal was duly perfected to this court by filing petition in error with case-made attached.

In his petition in error and brief, defendant sets out ten assignments of error, and in the brief states that he relies principally upon the misconduct of the trial court for a reversal of the conviction.

Though the point was not raised by counsel for defendant, the court had no authority to suspend the jail sentence assessed, and that part of the judgment suspending the jail sentence was a nullity.   The court must either suspend the entire sentence or assess the full punishment found by the jury.   Coe v. State, 86 Okla. Cr. 297, 192 P. 2d 291; State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932.

Taking up the assignments set out, 7, 8, 9 and 10 are as follows:

"7. Misconduct of the trial court in finding defendant's lawyer in contempt of court where there was no evidence to warrant the same.

"8.   Error and misconduct of the court in advising defendant in the presence of the jury that he would have

to employ another lawyer or finish trying the case himself.

"9.  Error and misconduct of the court in holding the jury thirty minutes while he sentenced defendant's lawyer to the county jail.

"10.  That the conduct of the court throughout the trial made it impossible for the defendant to receive a fair and impartial trial that is guaranteed every person under the laws of this country."

These are the only assignments argued, and they are argued together.

Counsel for plaintiff in error, who will hereinafter be referred to as defendant, has cited in his brief numerous cases in support of the assignments of error argued. The Attorney General has expressed doubt as to whether in view of the weight of the authorities cited in support of the. defendant's contentions that the state would file an answer brief.  Time for filing brief having long since expired, we assume that the state feels that there is reversible error in the record.  Washburn v. State, 90 Okla. Cr. 306, 213 P. 2d 870.  Nevertheless, we have carefully read the entire record in this case, and have examined the authorities cited by the defendant.

The state used two witnesses, the highway patrolmen who made the arrest.  The defendant testified in his own defense and offered the evidence of two other witnesses.

We shall refer to pertinent portions of the evidence.

Patrolman Harmon had testified that he followed defendant and his car because defendant was driving his car at an excessive rate of speed on entering the west end of the Twenty-Third Street bridge in Tulsa.  He further testified that "He [defendant] was drunk and we

figured we should file a drunk-driving case, that is what we figured." The court refused to declare a mistrial but did order the answer stricken as not being responsive and admonished the jury not to consider the answer. Witness thereafter testified that he found a quantity of whisky in defendant's car. On cross-examination by Mr. Frank Leslie, counsel for defendant, witness Harmon testified that his fellow patrolman, Sawyer, filed a liquor charge against the defendant, and which arose out of the same arrest. And following this, counsel for defendant in support of his seeming idea that the arrest and charge against the defendant for reckless driving was merely to justify and make legal the search of defendant's car for whisky without a search warrant, asked witness: "Q. Did you have a search warrant for his automobile?" The county attorney objected to the question, assigning as reason "that it was incompetent, irrelevant and immaterial." The court sustained the objection, stating that "we are not trying him for possession." Counsel thereupon stated: "I know, but it was brought out before the jury, and I want to know whether or not they knew there was whisky in the car." Following this the court requested that counsel not argue with the court, but counsel continued to argue with the court, and stated that the court was wrong and knew it, and the court in the presence of the jury stated:

"The Court: At this time, the attorney for the defendant will be charged with contempt of this court, and will be fined the sum of Ten Dollars. Mr. Leslie: I want to make an objection to the remarks of the court as being highly prejudicial to the rights of this defendant in this case, and move for a mistrial. The Court: The motion will be denied. Mr. Leslie: The defendant objects and moves for a mistrial in this case. The Court: The motion will be denied, and the attorney for the de-

fendant will purge himself of the charge of contempt before this court, before further participating in this trial. Mr. Leslie: I do not intend to do anything until the case is over. This defendant is on trial for his liberty. The Court: So far as I am concerned the case is over now so far as you are concerned, until you purge yourself of the contempt of this court. Mr. Leslie: I am not in contempt. The Court: Mr. Bailiff—Mr. Ash do you wish to proceed with this trial and employ other counsel, or proceed without counsel? Mr. Ash: Mr. Leslie is my attorney, and I would rather he would handle it. I do not know anything about it. The Court: I think I will recess court until 2:30 o'clock p.m."

After the jury was sent from the courtroom and after the attorney refused to pay the fine assessed, the court sent the attorney to jail for 30 minutes. The jury was thereafter returned to the courtroom and the trial proceeded, though counsel requested a mistrial by reason of the acts of the trial court in the presence of the jury, as above set out.

The defendant testified that he was engaged in the ice cream business in Tulsa; that he had long experience in driving motor vehicles; had been a taxi-driver in Tulsa and had never been involved in a traffic accident or convicted of reckless driving; stated that the car he was driving when arrested was a 1942 Oldsmobile which was in bad shape mechanically and would not make over 57 miles per hour at top speed. He testified that he lived about two blocks from the bridge in question and that it was up grade to the bridge. Witness denied driving at 65 or 70 miles per hour as testified to by the officers and stated that on leaving the bridge it would have been impossible to make the curve at a greater speed than 35 miles per hour.

L. S. Martin, who testified to having operated a paint and body shop in Tulsa for 14 years, and that the day following defendant's arrest and at the request of defendant, he took the Oldsmobile in question and tried it out for speed and that on level road he was able to reach only a maximum of 57 miles per hour; that the plugs were bad and the block had been frozen and that the compression was bad.

C. W. Cruce, a mechanic, testified that about ten days prior to trial he tested the car and that he was able at one time to momentarily get the car up to 60 miles per hour and that the car was in bad condition mechanically.

The state offered no evidence in rebuttal. The officers had stated that they never had the car tested for speed.

This court has from the beginning been committed to the rule that it is highly prejudicial for the trial judge to reprimand counsel for defendant in the presence of the jury. Garrett v. State, 74 Okla. Cr. 78, 123 P. 2d 283; Smith v. State ex rel. Gallaher, 12 Okla. Cr. 513, 159 P. 941; Whittenburg v. State, 46 Okla. Cr. 380, 287 P. 1049; Cupp v. State, 76 Okla. Cr. 342, 136 P. 2d 700; McSpadden v. State, 8 Okla. Cr. 489, 129 P. 72; Hargrove v. U. S., 8 Cir., 25 F. 2d 258, 262. The proper thing to do is to excuse the jury and thereafter fine counsel, or if the facts justify, have counsel committed to jail. However, a study of the various cases will disclose that whether or not the violation of this principle by the trial judge in a particular case constitutes reversible error, depends upon the facts peculiar to that case.

The important consideration, of course, is whether or not from a study of the record as a whole, it appears

that such acts on the part of the trial court operated to the injury of the defendant. And, if there is doubt as to whether the action of the trial judge was prejudicial, such doubt should be resolved in favor of the accused. Cupp v. State, supra.

Here, the statement by counsel that "I will argue with the court when you are wrong, and you know you are wrong. I have a right to defend this man according to law," was without doubt provocative, and the court was justified in holding counsel in contempt and assessing a fine. But the provocation may not excuse the action of the court before the jury in respect as heretofore set out, unless it can be said that the rights of the accused were not prejudiced thereby.

Where there is no doubt as to the guilt of an accused, and the sentence imposed is very light, such action on the part of the trial court could not in reason be said to be prejudicial, and the judgment and sentence would not be reversed or modified, though if a heavy sentence imposed, it might be modified. Williams v. State, 19 Okla. Cr. 307, 199 P. 400. But here, in view of the record, it is not conclusively demonstrated that the defendant was speeding. That is, the question is not free from doubt. So far as the record discloses, the evidence of the citizens who testified for the defendant was entitled to just as much credence as that given by the two officers. The same may be said as to the defendant. Yet the defendant was, in addition to having been found guilty of reckless driving, assessed the maximum penalty of $100 fine, and 30 days in jail. We are in doubt, from a study of the record, whether or not the automobile of defendant was capable of making the speed attributed by the officers. In fact, the only actual tests made show

that it would not make near the speed attributed. One officer demonstrated an eagerness in the matter by giving answers not responsive to the question asked. The accused was entitled to a fair trial. And we are in doubt but what the remarks of the trial judge prejudiced the jury. Under such circumstances, it is the duty of the court to resolve the doubt in favor of the defendant.

The case is reversed and remanded, and defendant is granted a new trial.

JONES, P. J., and BRETT, J., concur.