## McMAHAN v. STATE.

No. A-11645. Nov. 26, 1952.

Rehearing Denied Jan. 14, 1953.

(251 P. 2d 204.)

A. O. Manning, Fairview, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Tommie McMahan, was charged by an information filed in the county court of Major county with the unlawful transportation of intoxicating liquor; was tried; convicted; and pursuant to the verdict of the jury was sentenced to serve 30 days in the county jail and pay a fine of $500 and costs; and has appealed.

Two propositions are presented in the brief of defendant. (1) The court displayed prejudice against the defendant and prevented the accused from having a fair and impartial trial. (2) The judgment and sentence was excessive.

In connection with the first assignment of error it is contended that the trial court was guilty of misconduct in the swearing of witnesses at the commencement of the trial and in making statements directed at defendant's counsel which created prejudice against the accused in the minds of the jury. In connection with this proposition the record disclosed the following occurrence:

"Witnesses called: Mr. & Mrs. Glasgow, called as witnesses for the Defendant and asked to stand and be sworn.

"By the Court: You can not pull this one on me in this court. By A. O. Manning: I will have them subpoenaed then. Jury excused during the taking of the testimony. By the Court: If these witnesses do not testify, you will be cited for contempt of court. I will take some testimony."

In the absence of the jury the court then questioned Mr. and Mrs. Glasgow, who each testified that they knew nothing at all about the facts in the case, and that they had never been asked to be witnesses.

As to whether remarks made by the trial court in the presence of the jury are prejudicial must be determined from an examination of the entire record. In this case there was no question as to the guilt of the accused. No evidence was offered in his behalf. He was apprehended by the officers in the illegal transportation of whiskey.

However, we feel that the court was not justified in making the statement in the presence of the jury, "You cannot pull this one on me". The other objectionable remark made by the court pertaining to the citation of counsel for contempt was made in the absence of the jury and the questioning of Mr. and Mrs. Glasgow also was done in the absence of the jury. In Garrett v. State, 74 Okla. Cr. 78, 123 P. 2d 283, 284, this court held:

"A fair trial is a legal trial, or one conducted in all material things in substantial conformity to law.

"Trial judge in reprimanding bystander who is friendly to defendant, for nodding head at witness, should not make statements in presence of jury which would prejudice defendant's case.

"It is highly prejudicial for the trial judge to reprimand counsel for defendant in presence of jury, and the court should not, in presence of jury, accuse counsel for defendant with being in contempt of court."

There was no apparent justification for the remarks made by the court addressed to counsel for the accused and they should not have been made. We shall consider this assignment in connection with the second proposition, that the verdict of the jury was excessive.

The officers testified that they seized 17 pints of whiskey in a search of defendant's automobile on Highway 60, approximately one mile north of the town of Ringwood.

In view of the absolute guilt of the accused of the crime charged, we shall not reverse this case for the alleged error of misconduct on the part of the trial judge, but we are giving the accused the benefit of doubt as to whether the one remark made by the court in the presence of the jury might have created prejudice against the accused and caused them to give him more punishment than they might have done if said prejudicial statement had not been made in their presence at the trial.

It is therefore ordered that the judgment and sentence of the county court of Major county be modified from 30 days in the county jail and a fine of $500 to 30 days in the county jail and fine of $150, and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.