Ronnie Vernon Leroy McGOWAN,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A-13313.

Court of Criminal Appeals of Oklahoma.

March 20, 1963.

See also 377 P.2d 975.

Earl K. Howe, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Ronnie Vernon Leroy McGowan, defendant below, was charged by Information with the offense of Indecent Exposure, tried by jury, and from a judgment and sentence of Six Years in the Oklahoma State Penitentiary rendered by the District Court of Tulsa County, he appeals.

Around 6:30 in the evening on the 30th of May, 1962, the prosecutrix, age 12, and her sister, age 14, were walking to a church meeting when the defendant stopped his automobile alongside the two girls and upon the pretext of asking for directions, motioned them to come near his car. The prosecutrix walked to the passenger side of the automobile, whereupon the defendant exposed himself to her. Thereafter, she went to the rear of the automobile, procured the license number which she called to her sister standing a short distance away, who immediately wrote the tag number upon a piece of paper. Thereupon, defendant sped away in his car.

The two girls proceeded to the church where they called the police and upon the information furnished by the witnesses, a pick-up order for defendant's vehicle was issued by the Tulsa Police Department.

On June 3rd Officer Warner Crouch spotted a car bearing the tag number listed on the pick-up order and he and another officer stopped the car, arresting the defendant. Defendant was later identified in a police line-up by the two girls (who also identified defendant's automobile from among several others parked in the police garage) and subsequently, at the trial.

As his first contention of error, defendant asserts that the verdict of the jury is contrary to the law and to the evidence.

The record of the trial court reflects the evidence in the instant case to be conflicting. Defendant based his defense on alibi, calling to the stand various witnesses who had attended a barbecue lawn party on the date of the alleged crime. The evidence adduced from the testimony of these witnesses apparently substantiated the fact that defendant did attend said party on the 30th of May and that he had remained a short time, leaving with his wife and children. However, no testimony as to the exact time of arrival or departure was ascertained.

In cases where the evidence is sharply conflicting, the function of this Court is limited to a determination of whether there is a basis, in evidence, upon which the jury might reasonably conclude that the accused is guilty as charged. (Woods v. State, 92 Okl.Cr. 53, 220 P.2d 463.); and this Court has consistently ruled that:

> "Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the [evidence] and determine the facts." Woods v. State, supra.

We are of the opinion upon a review of the evidence in the instant case that ample evidence existed upon which to reach a verdict, and in view of the decisions in the above cited authorities, we find the defendant's first contention is without merit.

Under his second assignment of error, defendant contends (1) that the trial court committed prejudicial error in certain remarks made during the course of the trial, and (2) in "rebuking" him in the jury's presence.

In support of this contention, he cites Holcomb v. State, 95 Okl.Cr. 55, 239 P.2d 806; Harrell v. State, 85 Okl.Cr. 293, 187 P.2d 676; Lyons v. State, 94 Okl. Cr. 288, 234 P.2d 940; Ash v. State, 93 Okl.Cr. 125, 225 P.2d 816. The cases relied upon by counsel state the general rule of discretion to be employed by the trial judge in his comments to counsel. While it is a well-established rule that the court must excuse the jury before rebuking counsel or threatening to fine or imprison him for contempt (Berrie v. State, 55 Okl.Cr. 302, 29 P.2d 979; Garrett v. State, 74 Okl. Cr. 78, 123 P.2d 283; Cupp v. State, 76 Okl.Cr. 342, 136 P.2d 700), the instant cause reveals no such situation.

■ The comments of the trial court cited as error by defendant are occurrences in which the Court apparently attempts either to clarify the testimony of certain witnesses or speaks to counsel in reply to a ruling on objections, and are, in our opinion, of an "advisory" nature only. In numerous decisions of this Court, we have held that the trial judge has the right to aid in eliciting the truth and whether his conduct in so doing is reversible error "depends upon all circumstances in [this] case". See: Rice v. State, 93 Okl.Cr. 86, 225 P.2d 186. As was held in Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738:

"[The] trial judge has the right, in exercise of his discretion, to ask of any witness such questions as will tend to elicit the truth, and so long as a judge does not, by his questions or conduct, indicate his views as to the matters at issue, defendant will not be heard to complain of any question asked which is reasonably calculated to elicit the truth."

We are of the opinion that the trial court did not overstep his permitted latitude in questioning the witnesses; nor, do we feel the record reflects that the court's comments constituted error and therefore this contention is completely without merit.

It is the defendant's next contention that certain photographs depicting defendant's automobile and defendant at the time of his arrest were improperly admitted, in that they were not relevant, nor sufficiently identified.

■ The Court of Criminal Appeals has repeatedly held that the admission of photographs in a criminal case lies primarily within the discretion of the trial court. Hudman v. State, 89 Okl.Cr. 160, 205 P.2d 1175. See also, McNutt v. State, Okl.Cr., 288 P.2d 418 and Langley v. State, 90 Okl. Cr. 310, 213 P.2d 886.

■ In Cody v. State, Okl.Cr., 361 P.2d 307, 84 A.L.R.2d 997, we stated the rule which we will follow here (quoting Syllabus 16):

"Photographs and pictures are admissible where they illustrate or clarify some issue of the case. Whenever it becomes relevant to describe a person, place or thing, and photographs and pictures are shown to be a faithful reproduction of whatever they purport to reproduce, they are admissible for the purpose of assisting the court or jury in understanding the situation."

■ When witnesses on behalf of the defendant took the stand and testified that defendant's hair was never "long and bushy" a photograph showing his appearance a few days after the crime for which he stands convicted was properly admitted in evidence in rebuttal of defendant's testimony and the admission of such exhibit does not constitute error under the authorities above set forth.

The defendant further argues that the court erred in admitting photographs of his automobile and of the license plate appended thereto. It is significant that defendant neither denied ownership of the automobile, or of the license plate portrayed in said pictures, but, to the contrary, based his defense primarily on alibi. We fail to see how the introduction of said exhibits could have prejudiced the defendant, and are therefore of the opinion, this assignment of error is likewise without merit.

In his last four contentions urged on appeal, defendant cites no authorities, but argues that the court erred (1) in not holding oral argument on the motion for new trial, overruling same in defendant's absence (2) in allowing assessment of Court costs as a portion of the judgment and sentence, (3) in its instruction as to the limits of punishment and the procedure to be followed if the jury were unable to agree on punishment, after it had reached a verdict of guilty, and (4) that the sentence imposed was excessive.

■ The law of this jurisdiction is well established on all of the contentions referred to above, and since defendant offers no citations in support of his argument,

but rather on occasion goes outside the record now before this court, we shall deal with each in summary only.

(1) A motion for new trial is addressed to the sound discretion of the trial court, and is reviewable only on an affirmative showing that said discretion has been abused (Vanderslice v. State, 59 Okl.Cr. 192, 57 P.2d 267) and, an accused's presence is not mandatory at said hearing. (Rigsby v. State, Okl.Cr., 55 Okl.Cr. 61, 24 P.2d 1016).

(2) The statutes are quite clear as to an assessment of court costs in criminal actions. Title 28 O.S.1961 § 101 specifically states " * * * all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted".

(3) The procedure which the district court followed in giving later instructions to the jury is pointed out in Herren v. State, 75 Okl.Cr. 251, 130 P.2d 325 and Bennett v. State, 42 Okl.Cr. 264, 275 P. 390, and since the jury was unable to agree upon the punishment to be inflicted, the court properly pronounced sentence as provided by Title 22 O.S.1961 § 927:

> "Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

(4) The sentence imposed by the trial court was within the limits set by statute, and an examination of the record reveals no justifiable basis to support a modification of the judgment and sentence rendered herein.

In passing, we note that both the Attorney General and This Court has had some difficulty in following the argument in defendant's brief. This Court is without authority to consider alleged occurrences *not* disclosed by the record, and in view of the fact that the rules of the Court set out precisely the requirements as to the preparation of a brief to be filed in an appeal, counsel should familiarize themselves with said rules, particularly as to structure and method of presentation of the points at issue, before filing an appellate brief in this Court. (See: Acton v. St., Okl.Cr., 261 P.2d 466)

For the reasons stated in this opinion, and in accordance with the previous decisions of this Court cited herein, the judgment and sentence of the District Court of Tulsa County is Affirmed.

Affirmed.

NIX and JOHNSON, JJ., concur.