**Billy Don BROWN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17700.**

Court of Criminal Appeals of Oklahoma.

March 2, 1973.

Rehearing Denied March 15, 1973.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., and Fred H. Anderson, Asst. Atty. Gen., and Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Billy Don Brown, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Grady County, Case No. A–17,700 for the crime of Assault and Battery. He was to serve a term of thirty (30) days in jail and a fine of $100.00 in accordance with the verdict of the jury; twenty (20) days of the jail time was suspended with the remaining ten (10) days in jail to be served on Saturdays and Sundays for four (4) weeks. A timely appeal has been perfected to this court.

Briefly stated, the facts are that on Friday, July 16, 1971, in Chickasha, Grady County, Oklahoma, David Michael Hamberlin, age fourteen, and Bruce Carlton Brown, son of the defendant, became involved in a fight with each other. The defendant was present at the time and became involved in the altercation. The nature of defendant's involvement is the central issue of fact in the case.

Defendant contends that his involvement was limited to removing a knife and a section of steel reinforcement rod from the

hands of David Hamberlin. Other than in the removal of these objects, the defendant denies touching David Hamberlin.

The state contends that subsequent to taking the steel rod from David Hamberlin the defendant struck and injured David Hamberlin with the rod.

Both the defendant and the state introduced testimony from several other boys who had been present at the time. In addition, both the defendant and David Hamberlin testified. The testimony given by the various witnesses revealed a direct conflict as to whether the defendant had or had not struck David Hamberlin.

The second major area of conflict to which both the defendant and prosecution produced conflicting evidence concerned whether David Hamberlin showed signs of injury subsequent to July 16.

It is first contended by defendant on appeal that reference by the assistant district attorney to a previous conviction of the defendant constituted fundamental error. The reference appears on page 99 of the trial transcript where the assistant district attorney asked the defendant in cross-examination if he had been convicted of passing a false and bogus check in Stephens County in 1968. No objection was made to the question and defendant answered in the affirmative. During the rest of the trial, no other reference was made by either defendant or the state regarding defendant's past criminal record.

As a general rule, it can be said that a defendant is only tried on the facts of the particular charge being tried. It is, however, a well established rule in this state that for purpose of affecting the credibility of the testimony given by the defendant as a witness, the prosecutor may question the defendant regarding any past conviction. It is important to note that the word "conviction" is crucial. While a past conviction may be revealed during trial, reference to past arrests or charges may not be made. See Gable v. State, Okl.Cr., 424 P.2d 433 (1967); Byars v. State, 15 Okl.Cr. 308, 176 P. 253 (1918); Corliss v.

State, 12 Okl.Cr. 526, 159 P. 1015 (1916); Watts v. State, 76 Okl.Cr. 362, 137 P.2d 268 (1943). In Byars v. State, supra, this court stated:

"The object of said question was, of course, to affect the credibility of the defendant as a witness, which might legally be done by his cross-examination, showing that he had been convicted of any crime; * * *"

In Brown v. State, Okl.Cr., 487 P.2d 963 (1971), this court said:

"The only guise for the questioning about other offenses was impeachment of the witness's credibility. As an exception to the general rule that a witness cannot be impeached by evidence of particular wrongful acts, conviction of a crime may be shown to affect credibility."

Concerning this point raised as error by the defendant, it is further noted that the defendant failed to request that the trial judge instruct the jury that information concerning defendant's prior conviction could only be used in considering his credibility as a witness. While such a request would have been proper, this court held in French v. State, Okl.Cr., 501 P.2d 853 (1972), that failure to so instruct in the absence of a request to do so does not constitute reversible error.

Defendant's second proposition is a contention that the trial court's allowance of rebuttal testimony by the assistant district attorney constituted reversible error. Defendant produced a witness who testified that she had examined the victim on the day following the alleged assault and battery. Her testimony was to the effect that upon examining the boy purporting to be injured, she was unable to discern any injuries upon his back. In rebuttal, the assistant district attorney prosecuting the case requested and was granted permission by the court to take the stand. The prosecutor's sworn testimony was essentially limited to a statement that he had examined David Hamberlin's back two days after the defense witness's examination and

had observed clearly visible injuries. The trial judge was quite careful in limiting the assistant district attorney's testimony to that specific area of rebuttal.

■ Defendant's opposition to this testimony centers not on the subject of the testimony, but rather on by whom the testimony was given. It is recognized by this court that the practice of the prosecuting attorney also acting as a witness, while not being prohibited in all instances is not to be encouraged. Evidence given by a prosecutor could easily carry more weight with a jury than the evidence of other witnesses. This is not to say, however, that a prosecutor will never be allowed to act as a witness. In Clark v. State, Okl.Cr., 370 P.2d 46 (1962), we stated:

"On the question of whether the county attorney may be a witness in a case he is prosecuting, the weight of authority is to the effect that he may."

and;

"It appears there is no question that in a proper situation the county prosecutor is a competent witness."

■■ The question to be determined in the instant case is, then, whether the assistant district attorney's testimony was presented in a proper situation and whether such testimony denied the defendant a fair trial.

Clark v. State, supra, in which no reversible error was found because of the county attorney's testimony, cites the rule laid down in Robinson v. United States, 32 F.2d 505 (8th Cir. 1928), as being correct. The court in Robinson v. United States, supra, believed that the prosecutor had testified on an important and essential matter in that case and went on to say that the functions of prosecutor and witness should be disassociated. That court did say, though, as another part of the dicta, that if such a situation were the only question involved in the case, it might not warrant reversal.

The acceptability of such evidence is a matter that depends upon the particular facts, circumstances and effect of the prosecutor's testimony and requires the careful consideration of the trial judge. In reviewing the case before us, the particular circumstances including the limited scope and minor impact of the assistant district attorney's testimony, we find that the trial judge used proper discretion in allowing the testimony.

■ As a final contention, defendant urges that the trial judge made improper and prejudicial remarks toward the defendant and his counsel. It is well established that so long as a trial judge does not indicate to the jury his views of the issues in contention, he possesses considerable latitude in the conduct of the trial. This latitude includes the right to question a witness for the purpose of clarifying testimony and the right to interrupt an improper line of questioning. See McGowan v. State, Okl.Cr., 380 P.2d 274 (1963) and McDonald v. State, Okl.Cr., 489 P.2d 776 (1971).

■ The defendant calls this court's attention to Whittenburg v. State, 46 Okl.Cr. 380, 287 P. 1049 (1930) and Ash v. State, 93 Okl.Cr. 125, 225 P.2d 816 (1950). Error was found in each of these cases as a result of the trial judge's threats of fine or imprisonment directed to defense counsel and made in the presence of the jury. Similar circumstances are not to be found in the instant case. In reviewing the record in the present case, it appears that the comments made by the trial judge were of a rather mild nature and fell well within the proper bounds of discretion.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BLISS, J., dissents.

BRETT, Judge (dissenting).

I believe this conviction should be reversed and remanded for a new trial, be-

cause of the prosecutor's participation as a witness. In the instant case, I fail to find the "most extra-ordinary circumstances" referred to Robinson v. United States, *supra*, to justify the prosecutor's being a witness. His testimony was material to the main issue and must have been most persuasive. As I view the matter, the situations are rare indeed, when the prosecutor should be permitted to testify; and when that situation develops, the prosecutor should withdraw from further participation in the case.

In Adams v. State, 202 Miss. 68, 30 So. 2d 593 (1947), the prosecutor was disqualified from testifying. In Jenkins v. State ex rel. Sweat, 242 Miss. 646, 136 So.2d 580 (1962), the prosecutor was not considered qualified to testify. See also: Bennett v. Commonwealth, 234 Ky. 333, 28 S.W.2d 24 (1930); and Frank v. State, 150 Neb. 745, 35 N.W.2d 816 (1949). The practice is held to be improper in the ABA Code of Professional Responsibility, and the Oklahoma Bar Association, Canons of Ethics as well as in the Oklahoma Bar Association Advisory Opinions Numbers 9 and 114.[1] In the Oklahoma Bar Association Advisory Opinion No. 9 of October 30, 1931, the syllabus recites:

"It constitutes unprofessional conduct for a county attorney or his assistant to testify as a witness for the state in a criminal case wherein they appear as counsel for the state, except as to merely formal matters."

Also, in the Oklahoma Bar Association Advisory Opinion No. 114 of September 25, 1936, the second paragraph of the syllabus states:

"No member of the bar having a just conception of his true and proper position will unite the character of counsel and witness in the same case."

---

[1]. American Bar Association Special Committee on Evaluation of Ethical Standards, Code of Professional Responsibility, "Ethical Consideration" EC 5–9, p. 59; "Disciplinary Rule," DR 5–102, [eff. Jan. 1, 1970]. "Canons, Professional Ethics,"

In the body of that opinion the following is found:

"The language of the Supreme Court of Minnesota in Ferraro v. Taylor, 197 Minn. 5, 265 N.W. 829 is apposite:

'The practice of attorneys of furnishing from their own lips and their own oath the controlling testimony for their client is one not to be condoned by judicial silence * * *. The good name and deservedly high standing of the * * * bar requires that the practice be stopped. For nothing short of actual corruption can more surely discredit the profession.' "

Therefore, I respectfully dissent to the results reached in this decision.

5 O.S.1961, Ch. 1, App. 3, Canon 19, p. 138 [adopted Oct. 6, 1958]. ABA Canons of Professional Ethics adopted by the Oklahoma State Supreme Court on "Rules Creating and Controlling the Oklahoma Bar Association," 41 O.B.J. 180, 188.