CHAS. STEUDLE v. STATE.

Nos. A-1248, A-1249.   Opinion Filed January 27, 1912.

Appeals from Custer County Court; J. C. McKnight, Judge. .

Chas. Steudle was convicted of violations of the prohibitory law, and appeals. Two cases. Reversed and remanded.

Jones & Bashore, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiff in error was tried and convicted at the June, 1911, term of the county court of Custer county on two charges of selling intoxicating liquor, and in case No. A-1248 was sentenced to pay a fine of one hundred fifty dollars, and be confined in the county jail for a period of thirty days; and in case No. A-1249 was sentenced to pay a fine of two hundred dollars and be confined in the county jail for a period of thirty days. When these cases were called for trial, plaintiff in error filed the following motion in each to dismiss the prosecutions: "Comes now the defendant, and moves the court to dismiss the above · entitled and numbered cases for the reason that on or about the ———— day of January, 1910, the above named defendant was being held in the county jail of Custer county to answer the cases herein, and defendant entered into an agreement with F. A. Snodgrass, then county attorney of Custer county, wherein the defendant was to pay into court the sum of $400 fine and costs in the cases, and a 30 days' sentence in the county jail of Custer county, all of which contract the defendant promptly did and filled, in return of said fine and sentence the agreement was that the county attorney would dismiss all of these cases pending against this defendant. That defendant believed that said cases had been properly dismissed, and had not been placed on the trial calendar since said date of said contract and agreement until said term of county court. The records of this court show that this defendant paid into court said sum of $400, and defendant avers that said sum of $400 was paid pursuant to such agreement and for no other purpose than as a compromise and settlement based upon the agreement had with the county attorney aforesaid. This motion will be supported by oral testimony which defendant desires to introduce hereof."

The trial court in passing on said motion overruled the same for the reason that there was nothing in the record to show that there was ever an agreement made, and refused the offer of the defendant to prove the allegations of the motion. If this settlement as made in good faith by the county attorney with this accused, it was the duty of the court to see that the agreement was carried out. We have no way of determining whether or not the agreement was entered into. The court refused to permit proof. The record indicates that these informations were filed in 1909, and these cases were tried nearly two years later. It appears that the fine assessed against accused was paid, and the term of imprisonment served. The trial court should have heard the proof and determined the motion on its merits. The judgment is reversed and the cause remanded with directions to th a iteocrturlA,_-_HEeHllhio and the cause remanded with directions to the trial court to grant a new trial on all the issues raised.