O. L. WHITTENBURG v. STATE.

No. A-7140. Opinion Filed March 15, 1930.
(287 Pac. 1049.)

Phillips, Boner & Phillips, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was with W. A. Kuhn jointly charged by information with the crime of burglary in the second degree, was tried separately and convicted and his punish-ment fixed at imprisonment in the state penitentiary for a term of two years; from which judgment and sentence he has appealed to this court.

This is a companion case to Kuhn v. State, 46 Okla. Cr. 359, 287 Pac. 1086. As shown by the record, this case was called for trial on the 1st day of February, 1928. The state appeared by A. A. McReynolds, county attorney, and W. W. Gates, assistant county attorney; the defendant appeared in person and by his attorney, W. L. Boner. Both sides announced ready for trial, the jury was drawn, im-paneled, and sworn, witnesses were called and sworn, and the following proceedings had:

"By the Court: Let the record show that the county attorney declined to prosecute this case, and the court ap-pointed John Morris, special county attorney to represent the state; and the defendant is present in court and has no attorney; the court appoints W. L. Boner."

C. L. Shoemake, called as a witness for the state, testified, in substance, that he met the defendant in Gainesville, Tex., where the defendant was in jail; that he had a conversation with the defendant with reference to the burglarizing of the Raymond Harrison garage. "Defendant told me how he got in the Harrison garage; he told me they got three casings and one inner tube. I brought the defendant back from Gainesville to Durant." There were three casings and an inner tube found in the car defendant and Kuhn were driving. V. B. Ware also stated he saw Mr. Shoemake when he brought the defendant back from Gainesville; that the three casings and inner tube were returned to Mr. Harrison.

L. H. Green was then called as a witness by the state, and stated he was the court reporter, and that he reported the case wherein the state of Oklahoma was plaintiff and W. A. Kuhn was defendant.

Witness was then asked to read to the jury what the defendant in this case, Mr. Whittenburg, testified to in the case of State of Oklahoma v. W. A. Kuhn; to which the defendant objected on the ground that the defendant was called as a witness and was sworn and was under the order of the court, and the defendant offered to show at this time that under an agreement with the county attorney he was to be given immunity and be released from prosecution in this case, and that the testimony offered is incompetent, irrelevant, and immaterial, and cannot be charged against the defendant in this trial.

"By the Court: The county attorney is not authorized under the laws of this state to offer anybody immunity, and the testimony of Whittenburg in the Kuhn case was that he was not offered any immunity and that he made a voluntary statement. The motion will be denied.

"By Mr. Boner: Exceptions.

"By the Court: Did the defendant Whittenburg testify? A. He did.

"Q. Was he sworn? A. He was.

"Q. Did you take the questions and answers correctly? A. I did.

"Q. Are you able to read them correctly to the jury? A. Yes, sir."

The court reporter then read from his shorthand notes the testimony of O. L. Whittenburg, who is the defendant in this case, given on behalf of the state in the trial of W. A. Kuhn.

Raymond Harrison was then called and testified as to his garage being burglarized and to what he missed; also as to the make of the casings that had been taken from the garage.

A. A. McReynolds was called on behalf of the defendant, and was asked and answered the following questions:

"Q. State your name? A. A. A. McReynolds.

"Q. Do you hold any official position in Bryan county at this time? A. County attorney of Bryan county; have been county attorney since February, 1927.

"Q. Have you conducted the prosecution in the case of State of Oklahoma against Wallace Kuhn and O. L. Whittenburg? A. I have against Mr. Kuhn.

"Q. Did against Mr. Whittenburg until this morning? A. Yes, sir.

"Q. Mr. Whittenburg made a statement to you relative to what happened at the time this charge was made?

"By Mr. Morris: Objected to.

"By the Court: Do you expect to prove by this wit-' ness directly in conflict with what this court has ruled. I am going to run this court, and if you are going to try to prove to the jury that he offered him clemency you are not going to get it in the record. If you want any clemency go to the Governor with it.

"By Mr. Boner: Exception.

"By the Court: You are not going to put it in the record and if you try it any more I will put you in jail.

"By Mr. Boner: We except to the remarks of the court."

The defendant has assigned four errors alleged to have been committed by the trial court, but the only assignment that it is deemed necessary to consider is assignment 2 wherein it is alleged by the defendant:

"The court erred in refusing to allow competent testimony offered by the defendant and refused by the court, which error was then and there excepted to by this defendant, and which testimony was in part testimony given by Clarence Shoemake, a deputy sheriff of Bryan county, Oklahoma, to the effect that the officers at Gainesville, Texas, induced the defendant to make statements proven at this trial by offering him favors and special inducements; that said facts were also offered to be proven by A. A. McReynolds, county attorney of Bryan county, Oklahoma, to the effect that he had made promises and overtures to the defendant O. L. Whittenburg and thereby induced him to make the statements that were offered in evidence in chief by the state; to which errors of the court the defendant then and there excepted."

The defendant insists that he should have been permitted to show by the county attorney that in the prosecution in the Kuhn case he had promised the defendant in this case immunity from prosecution if he would testify and tell the facts in the Kuhn case, even though the im-

munity promised the defendant had not been approved by the court, and the defendant insists that the county attorney is in charge of the prosecution of criminal cases, and under the law is entitled to consideration when the county attorney has made an agreement with the party charged with the crime, and that it is error for the court to afterwards convert that agreement into a means of presecuting the defendant charged.

The defendant insists that he should have been permitted to prove by the county attorney that he had made such an agreement with the defendant.

In Steudle v. State, 6 Okla. Cr. 738, 120 P. 1133, when the case was called for trial, the defendant filed a motion, and among other things stated that the defendant believed that said case had been properly dismissed, as the defendant had entered into an agreement with F. A. Snodgrass, then county attorney of Custer county, where the defendant was to pay into court the sum of $400 and costs in the cases, and serve thirty days' sentence in the county jail of Custer county, all of which conditions the defendant promptly carried out, and that in return for said fine and sentence the county attorney agreed that he would dismiss all the other cases pending against the defendant. The defendant offered to prove by oral testimony the facts alleged in his motion. The trial court, in passing on said motion, overruled the same, for the reason that there was nothing in the record to show that there was ever an agreement made, and refused the offer of the defendant to prove the allegations of the motion. In passing on the question, this court said:

"If this settlement was made in good faith by the county attorney with this accused, it was the duty of the court to see that the agreement was carried out. We have

no way of determining whether or not the agreement was entered into. The court refused to permit proof."

Further on the court said:

"It appears that the fine assessed against accused was paid, and the term of imprisonment served. The trial court should have heard the proof and determined the motion on its merits. The judgment is reversed, and, the cause remanded, with direction to the trial court to grant a new trial."

It is further insisted by the defendant that in passing upon the question of the admission of the testimony the court threatened to send his attorney to jail prejudiced his rights before the jury, and that he is entitled to a new trial.

In Smith v. State, 12 Okla. Cr. 513, 159 Pac. 941, 944, this court said:

"No judge has a right to indicate to the jury, by word or action, his opinion of the merits of any case being tried before him, or to in any way indicate his opinion as to the credibility of any witness examined. Absolute fairness should characterize every word and action of a judge. Harrison v. State, 11 Okla. Cr. 14, 141 Pac. 236."

The court further said:

"Besides, to reprimand counsel for a defendant, in the presence of a jury, is highly prejudicial. If counsel's conduct is improper, the court must excuse the jury before administering a rebuke, or threatening to fine or imprison him for contempt."

The Attorney General in his brief insists that the complaint of the defendant to the remarks of the court in ruling upon the question of the admissibility of the question as to what agreement the county attorney had with the defendant is closely related to the question of the

admissibility of the testimony of the defendant in the trial of Kuhn; that the determining of that question will necessarily dispose of the question complained of here by the defendant. No authorities are cited by the Attorney General to justify the action of the court in refusing to admit the testimony of the county attorney or to justify the remarks of the court when he threatened to send counsel for the defendant to jail.

In Douglas v. State, 19 Okla. Cr. 257, 199 Pac. 927, 930, the court said:

"While it is the right of a trial judge to interrogate witnesses, when essential to the administration of justice, yet the practice of so doing, except when absolutely necessary, should be discouraged, and when it appears that there was an abuse of discretion by the trial court in interrogating different witnesses during the trial of the case, which was prejudicial to the substantial rights of the defendant, the judgment of conviction will be reversed."

From a careful study of the record, there seems to have been no necessity for the trial judge to threaten to send the attorney for the defendant to jail, if he tried to introduce the proof offered for the purpose of showing that an agreement had been made with the defendant on trial and the county attorney of Bryan county that, if the defendant would testify in the Kuhn case, he would give him immunity. We think the riprimand of the court when he threatened to send defendant's counsel to jail was highly prejudicial to the rights of the defendant, and deprived him of that fair and impartial trial which is guaranteed to him under the Constitution and laws of this state.

The trial judge is as much a judge for the defendant as for the state, and is supposed to sit fairly and impartially on the rights between the state on the one hand and the defendant on the other. The action of the trial

court when it threatened to send defendant's counsel to jail at the time it refused to permit the defendant to introduce the testimony sought to be introduced may have had great influence on the jury in returning the verdict it did, as jurors generally regard the presiding judge with great respect and give much weight to his expressions and opinions.

For the reasons herein stated, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.