Thomas Norman COURTNEY, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12702.

Court of Criminal Appeals of Oklahoma.

July 1, 1959.

O. E. Richeson, Henryetta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by transcript perfected by Thomas Norman Courtney, plaintiff in error, defendant below, from a conviction, judgment and sentence rendered against him on June 9, 1958, upon a charge of robbery with firearms. To the charge he pled guilty and was sentenced thereon to a term of ten years in the state penitentiary.

The questions have been raised herein by motion to vacate the judgment and sentence and to modify the same. Briefly, the unrefuted facts are as follows: When the defendant was arraigned on complaint in the Court of Common Pleas, he entered a plea of not guilty, and Mr. Joseph Le-Donne, a public defender, was appointed to represent him. The preliminary was set for a date thereafter, but prior thereto, an agreement was entered into by Mr. Le-Donne and the county attorney of Tulsa County that if the defendant would waive his preliminary when the matter came on for arraignment on the information in the District Court and plead guilty, the county attorney would recommend the minimum sentence of five years in the state penitentiary. 21 O.S.1951 § 801. To the contrary, when the defendant came on for arraignment before the District Court on a plea of guilty, and for imposition of judgment and sentence, the county attorney said he had had a change of mind and was thinking in terms of twenty to thirty years, indicating he would ask the jury to impose such punishment. The trial court indicated he would have accepted the recommendation of five years. The accused was not notified of the county attorney's change in attitude until June 5, 1958, the day the matter was called for arraignment and trial in the District Court. It appears that other similar agreements with the public defender had always been honored by the county attorney in other cases without failure, until this case. That there was such an agreement is not disputed.

Mr. LeDonne related that he would not have waived the preliminary had it not

been for the county attorney's agreement. He further testified he was not ready for trial, having made absolutely no preparation therefor, not even an investigation, because he was relying on the agreement with the county attorney. Thereafter, the matter was discussed with the defendant and it was decided because of the frustrating situation and the threat of the county attorney to ask the jury for a twenty or thirty year sentence, it would be best to enter a plea of guilty and accept the county attorney's different agreement to recommend a sentence of ten years. On this state of facts, the defendant raised the point he was unlawfully denied a preliminary hearing in violation of his constitutional right thereto, based upon the trial court's failure to enforce the county attorney's agreement.

 It is true the defendant may waive a preliminary hearing or any constitutional right which is personal to him. Courts, however, indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss. Whether an accused has waived fundamental rights must depend in each case upon the facts and circumstances surrounding that case. Ex parte Barnett, 67 Okl.Cr. 300, 94 P.2d 18. The law does not sanction the proposition that an accused may be misled into a waiver of his fundamental constitutional right to have a preliminary examination by an agreement with the county attorney which he refused to keep. Such an agreement being made in good faith, it is the duty of the trial court to see that it is carried out. Steudle v. State, 6 Okl.Cr. 738, 120 P. 1133; Whittenburg v. State, 46 Okl.Cr. 380, 287 P. 1049. The county attorney having changed his mind as to his recommendation, fair practice should have prompted reasonable notice to the accused of the change in his position and the tender of a preliminary hearing. But, such was not done. If we do not enforce the agreement, the state would be permitted to play fast and loose with an accused's constitutional rights to its advantage and his detriment.

This we will not do under authority of Moseley v. State, 46 Okl.Cr. 435, 287 P. 839. Therein, this Court said:

"While it is true that the county attorney could make no agreement to reduce the grade of the crime or to fix the punishment thereof without the consent of the trial court, yet such agreement should be approved where the defendant acts on it in good faith and surrenders statutory or constitutional rights to expedite the hearing of the case, and especially is that so where the agreement of the county attorney aids in the speedy administration of justice and the punishment agreed upon is adequate under all the circumstances surrounding the case. It is apparent from the record that the defendant and his counsel believed they had an understanding with the county attorney as to the punishment when they waived the jury and went to trial at once.

"From an examination of the whole record, the court is of the opinion that justice will be done both to the state and to the defendant by reducing the punishment from ten years in the penitentiary to five years in the penitentiary."

We are of the opinion under the conditions herewith presented it was an abuse of discretion for the trial court not to sustain the defendant's motion to vacate or modify the judgment. It is accordingly ordered the judgment and sentence herein imposed be modified from ten years to five years in the penitentiary, and as modified, the judgment and sentence is affirmed. 22 O.S. 1951 § 1066.

POWELL, P. J., and NIX, J., concur.