John Oscar ENGBERG, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14410.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1968.

William N. Mounger, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

John Oscar Engberg, hereinafter referred to as defendant, was jointly charged with Oliver Cromwell Hardee in the District Court of Oklahoma County with the crime of Robbery with Firearms of one Lawrence Austin Wheeler. Severance was granted and the defendant was tried by a jury who found him guilty and assessed his punishment at fifty (50) years imprisonment in the State Penitentiary, and he appeals.

The single assignment of error urged on appeal is that the trial court committed reversible error when, during the voir dire examination of the jury, the court advised the jury that the defendant had informed him he was a non-resident of Oklahoma City. In the record the following appears:

"(The following proceedings were held after dismissal of the jury following the voir dire of the Court.)

MR. MOUNGER: Comes now the defendant and moves the Court for mistrial upon the statement made by the Court to the prospective jurors that he had talked with this defendant outside the Courtroom and had been informed that this defendant was not a resident of this state. We move the Court for a mistrial on the grounds that this comment on the basis that the defendant does not take the stand, informed the jurors concerning the defendant. Being a non-resident it could be very prejudicial to the defendant.

THE COURT: I believe I said Oklahoma City.

MR. MOUNGER: We make the same objection if it was Oklahoma City and move for a mistrial.

THE COURT: I believe the Court's statement was that I assumed none of

the jurors knew him because in a hearing in the chambers I had been informed he was a non-resident of Oklahoma City.

MR. MOUNGER: I make the same objection and move for a mistrial.

MR. HARRIS: I don't think it has any bearing on the case.

MR. MOUNGER: I think that is a comment on the facts. The defendant is entitled to a mistrial by reason of that statement.

Would you like to make a record on that?

MR. MOUNGER: I make my same objection as heretofore and move for a mistrial.

THE COURT: Overruled. Exceptions."

It is the defendant's contention that: "these remarks by the Court violated the rule of silence guaranteed to a defendant by the Constitution, and this particularly in view of the fact that defendant did not take the witness stand, * * *"

As authorities, the defendant cites and relies on Klaassen v. State, 39 Okl.Cr. 402, 366 P. 495 and Whittenburg v. State, 46 Okl.Cr. 380, 287 P. 1049. We are of the opinion that the authorities relied on by the defendant correctly state the law, but that those cases are clearly distinguishable from the instant case. In the Klaassen case, a State's witness was expected to offer testimony tending to link the defendant with the crime charged, but in giving his testimony before the jury, he failed to do so. The prosecuting attorney claimed surprise and requested that the trial court order the witness taken into custody so that perjury charges might be filed against him. The trial judge ordered the witness to be taken into custody while on the witness stand, and the sheriff marched him out of the courtroom in full view of the jury. The conduct of the trial court in so doing was deemed to constitute error as amounting to a comment on the weight and credibility of the witness.

In Whittenburg v. State, supra, a conviction for Burglary in the Second Degree was reversed for the reason that the trial judge refused to allow counsel for defense to introduce testimony that the defendant had been promised immunity by the county attorney in exchange for testifying against his co-defendant in a previous trial, and the trial court threatened to place defense counsel in jail for contempt if he attempted to make a further offer of proof of such agreement. The conduct of the trial court in threatening to imprison counsel for defense and rejecting the offer of proof in the presence of the jury was held to be reversible error.

In the instant case, although the record is silent as to the precise statement made by the trial judge to the jury, it is clear that his statements to the jury were made for the sole purpose of determining if any of the jurors were acquainted with the accused. We fail to see how, under any view, his remarks could be construed as being a comment on the evidence or an indication that he had formed any opinion as to the guilt or innocence of the accused. We have repeatedly held that:

"It is not every improper remark of a trial court that will justify a reversal. If the remarks are such as might reasonably influence the jury against the defendant, a new trial should be granted; but, if after a full consideration of the entire record, it is clear that the verdict is right, and that, even if the remark had not been made, the jury could not have reasonably returned a different verdict, the judgment will be affirmed."

See Calloway v. State, 38 Okl.Cr., 418, 262 P. 696 and Schmitt v. State, 57 Okl.Cr. 102, 47 P.2d 199.

In the instant case the defendant was positively identified as one of the robbers by the victim and several eye witnesses including a hostage who was abducted by the defendant and his co-defendant and from whom a car was taken and later abandoned in Colorado Springs, Colorado, where the defendant's latent fingerprints were removed from the vehicle, compared with his inked fingerprints by an F.B.I. fingerprint expert, who positively identified the prints

**309**

taken from said vehicle as being identical with those of the defendant.

Clearly, under the evidence presented to the jury, they could not have arrived at any other verdict but that the defendant was guilty as charged. We are of the opinion, and therefore hold, that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BRETT, J., concurs.