**Bill Lavern DALE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14242.**

Court of Criminal Appeals of Oklahoma.

May 8, 1968.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Bill Lavern Dale, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor After Former Conviction of a Felony, and appeals.

Although there are several assignments of error, we deem it only necessary to consider the defendant's assignment of error that prejudicial and fundamental error occurred during the trial on cross-examination of defendant, when the following, appearing at pages 50–51 in the case-made, occurred in the courtroom and in the presence of the jury:

"Q. Well, now you told him that you had been drinking all night but now you are telling this Jury that what you meant by that—

MR. SWIMMER: Object to the statement of the County Attorney.

THE COURT: She is taking it down.

MR. SWIMMER: He is testifying now.

THE COURT: This is cross examination. On direct testimony you don't have the right to lead or suggest to the witness but on cross examination you can ask leading and suggestive questions. You understand the difference? On direct testimony Mr. Swimmer had no right to ask leading and suggestive questions of his own witness but when the opposing counsel takes the man on cross examination he has a right to ask leading and suggestive questions.

Now, if you want to make a record you can make it because you know in making this record the Court has instructed the Jury properly in the case. You want to be careful, Mr. Swimmer. I am not going to put up with this contemptuous attitude.

MR. SWIMMER: Let the record show that counsel for the Defendant will not make a record at this time in light of the Court's statement."

A similar situation occurred in Whittenburg v. State, 46 Okl.Cr. 380, 287 P. 1049, where a conviction for Burglary in the Second Degree was reversed for the reason that the trial judge refused to allow counsel for defense to introduce testimony that the defendant had been promised immunity by the county attorney in exchange for testifying against his co-defendant in a previous trial, and the trial court threatened to place defense counsel in jail for contempt if he attempted to make a further offer of proof of such agreement. The conduct of the trial court in threatening to imprison counsel for defense and rejecting the offer of proof in the presence of the jury was held to be reversible error.

In the instant case the only witness called on behalf of the State was the arresting officer Lambert, and the only witness called on behalf of the defense was the defendant. Their evidence on certain material points was in sharp conflict and presented a question of fact for the determination of the jury. The only reasonable conclusion to be drawn by the jury from the comments of the court as appears in the record at pages 50 and 51, was that the conduct of defense counsel was highly improper and if he pursued such conduct he would be held in contempt of the court. Indeed, his conduct was described as "contemptuous." This could have no other effect on the jury than discrediting him and thus weakening his client's position.

In Whittenburg v. State, supra, this Court, speaking through the Honorable Judge Davenport, cited with approval Smith v. State ex rel. Gallaher, 12 Okl. Cr. 513, 159 P. 941:

"Besides, to reprimand counsel for a defendant, in the presence of a jury, is highly prejudicial. If counsel's conduct is improper, the court must excuse the jury before administering a rebuke, or threatening to fine or imprison him for contempt."

And further, in the body of the opinion, Judge Davenport had this to say:

"We think the reprimand of the court when he threatened to send defendant's counsel to jail was highly prejudicial to the rights of the defendant, and deprived him of that fair and impartial trial which is guaranteed to him under the Constitution and laws of this state.

The trial judge is as much a judge for the defendant as for the state, and is supposed to sit fairly and impartially on

the rights between the state on the one hand and the defendant on the other. The action of the trial court when it threatened to send defendant's counsel to jail at the time it refused to permit the defendant to introduce the testimony sought to be introduced may have had great influence on the jury in returning the verdict it did, as jurors generally regard the presiding judge with great respect and give much weight to his expressions and opinions."

 In accordance with Whittenburg v. State, supra, we are of the opinion that in a close case, where the evidence is sharply conflicting, it is prejudicial error to rebuke counsel in the presence of the jury and that the same requires reversal.

For the reasons herein stated, the case is reversed and remanded for a new trial.

NIX, P. J., and TOM BRETT, J., concur.