BARHAM, J.,
concurs in the partial grant but dissents from the majority’s refusal to grant full relief. Relator bargained with the district attorney to plead to a non-capital offense — 2nd degree murder. The State wrongfully placed relator before the Criminal District Court for acceptance of this bargained plea. The State chose the wrong jurisdiction. The juvenile court was the only court which could receive the plea, convict and sentence a juvenile when he has been charged with a non-capital offense — here 2nd degree murder. When we remanded this case after setting aside the plea in district court, the district attorney could only prosecute the juvenile in juvenile court. There can be no trial for 1st degree murder after the former conviction by plea to 2nd degree murder.' See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Mullreed v. Kropp, 425 F.2d 1095 (6th Cir. 1970); Rivers v. Lucas, 477 F.2d 199 (6th Cir.). See also the long line of jurisprudence in this state where a trial for a capital offense resulted in conviction *676 of lesser offense and this court required new trial for the lesser offense in juvenile court. Relator will be subjected to double jeopardy if tried for 1st degree murder in Criminal District Court.
Moreover, the bargain by the district attorney for the lesser plea is binding on the state and the district attorney must under that plea bargain plead the juvenile in juvenile court as a delinquent who has committed 2nd degree murder. The defendant is bound to plead there also. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); United States v. Graham, 325 F.2d 922 (6th Cir. 1963); Courtney v. State, 341 P.2d 610 (Okl.Cr.1959) ; People v. McMiller, 389 Mich. 425, 208 N.W.2d 451 (1973); Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).