Steve Joe NOLAN, Petitioner,

v.

The Honorable A.J. HENSHAW, Special Judge and Gerald Hunter, District Attorney for District # 27, Respondents.

No. P–84–277.

Court of Criminal Appeals of Oklahoma.

May 16, 1984.

## ORDER GRANTING WRIT OF PROHIBITION IN PART AND REMANDING FOR EVIDENTIARY HEARING

The petitioner has filed an application for this Court to assume original jurisdiction and prohibit the State of Oklahoma from prosecuting him in the District Court of Sequoyah County, Case No. CRF–83–8, for Burglary in the Second Degree. Petitioner argues that the State should be prohibited from proceeding further in said case because the charge has previously been dismissed in Case No. CRF–82–143, in accordance with an agreement entered into between the petitioner and the former district attorney that petitioner would join the United States Army and make restitution to the burglary victims. Petitioner acknowledges that he has not made any restitution; however, he maintains that he has remained willing to do so and has requested both the former and the present district attorneys to inform him of the amount of restitution to be made so that he might fulfill the bargain. Further, the petitioner asserts that he has sought through his attorney to make restitution to the victims, but they refuse to even discuss the matter. Petitioner has moved the district court to dismiss the new burglary charge and the respondent judge has overruled said motion.

We assume jurisdiction.

Petitioner's position is in the nature of a "plea bargaining" process. Notwithstanding the fact that a plea had not been entered, petitioner entered an agreement with the former District Attorney, Mr. John Russell. The charge was dismissed by the trial judge "for the reason defendant agrees to make restitution." The new district attorney has filed the same charge alleging the same identical facts. According to the argument of counsel, IN ACCORDANCE WITH THE AGREEMENT petitioner entered the U.S. Army. He attempted to learn the amount of restitution to be made but without success. When he returned from the military service with an

Honorable Discharge, due to some accident he experienced, he was again confronted with the same burglary charge. The record before this Court contains only the argument of counsel, the informations filed, the order dismissing the first information and some correspondence between defense counsel and the present district attorney.

▮ Notwithstanding the fact that jeopardy has not attached to petitioner's case, it appears that he has entered a valid agreement with the State of Oklahoma through the former district attorney. The question presented is: Is such an agreement binding upon the two parties, when one has entered into the performance of the agreement as far as circumstances permit? We think it is, under these particular circumstances.

Referring to plea bargaining, the United States Supreme Court stated in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), concerning an agreement to enter a plea entered into with one prosecutor, but not honored by the one who followed him:

> This record represents another example of an unfortunate lapse in orderly prosecutorial procedures, in part, no doubt, because of the enormous increase in the workload of the often understaffed prosecutor's offices. The heavy workload may well explain these episodes, but it does not excuse them. The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities. *Id.* [at 260, 92 S.Ct. at 498, 30 L.Ed.2d] at 432.

\*　　\*　　\*　　\*　　\*　　\*

On this record, petitioner "bargained" and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen its impact.

We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. *Id.* [at 262, 92 S.Ct. at 499, 30 L.Ed.2d] at 433.

While no plea was entered by petitioner in this case, the court was made aware of the agreement between the State and petitioner and dismissed the original charge. Counsel for petitioner argues that he attempted to learn what the restitution would amount to, but without success. The court declined to participate in making that determination at the hearing had on the Motion to Quash the Information on March 16, 1984. The preliminary hearing has been held in abeyance pending a determination of this matter.

▮ NOW THEREFORE, after considering the record made at the hearing on the Motion to Quash and the pleadings filed herein we believe justice requires that an evidentiary hearing be held to determine the questions presented. *See, Whittenburg v. State*, 46 Okl.Cr. 380, 287 P. 1049 (1930); *Steudle v. State*, 6 Okl.Cr. 738, 120

P. 1133 (1912). All parties concerned in this matter should be ordered into court and petitioner should be allowed to make a record reflecting the making of the agreement and the extent to which he has gone to fulfill his part of the agreement. The former district attorney should be allowed to testify concerning his knowledge of the agreement. The amount of restitution should be determined by the presentation of testimony from the injured parties. A complete record should be made in order to reflect the full extent of the agreement and the good faith efforts made by petitioner to fulfill his portion thereof. At the conclusion of the hearing, if the court finds that an agreement was entered into in good faith; that petitioner has attempted to fulfill that agreement; and that all that remains to be determined is the amount of restitution necessary to fulfill the agreement; and if an amount cannot be agreed to between the parties, the court shall make that determination and provide petitioner the opportunity to forthwith fulfill the remaining part of the bargain. In that instance when petitioner satisfies the court that the agreement has been fulfilled on his part, the motion to quash should be sustained. However, if the court fails to find that such agreement was made, or that such good faith efforts have not been made, then in that instance the court shall exercise its discretion in ruling on the pending motion.

IT IS THEREFORE THE ORDER OF THIS COURT, that this matter is REMANDED to the Sequoyah County District Court for the purpose of conducting an evidentiary hearing into the contentions presented; and if sufficient proof is presented to the court that such an agreement was entered into and that petitioner has acted in good faith, petitioner shall forthwith satisfy the restitution requirement and the agreement between the State of Oklahoma and petitioner should be fulfilled. Should the court find otherwise the preliminary hearing should be resumed.

WRIT GRANTED IN PART and REMANDED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT, this the 16th day of May, 1984.

ED PARKS, J.

TOM BRETT, J.