Donald Horace HOLT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16065.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1971.

Rehearing Denied Oct. 21, 1971.

Washington & Hatfield, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Donald Horace Holt, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony. His punishment was fixed at five (5) years imprisonment, and from judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on February 12, 1970, Loren Bennett owned a 1966 Plymouth automobile. He testified that he was, on the day in question, in bed, and awakened at the sound of his car starting. His car keys were not in the ignition, but he kept another set in a small box under the hood of his automobile. He testified that he did not give the defendant permission to drive his car. He ran to the window, looked out, and observed his car being driven away down the street. He immediately called the police and reported that his car was stolen. He gave the police his tag number and the description of the car.

Officer Gibbs testified that while he was on routine duty, patrolling in a scout car in Oklahoma City, he received information of a description of a stolen 1966 automobile, and the tag number. He and his partner were driving down Northwest Twelfth Street, and observed the defendant sitting in a car matching a description of the stolen automobile. The headlights of the defendant's car were on, the motor running, and the interior light was illuminated. The police car approached defendant from the opposite direction, and pulled up to within five to six feet of him. The defendant's face was clearly visible to the officers. Defendant looked over, saw the scout car, put the automobile in gear, and took off at an excessive rate of speed. The police car turned around to pursue the defendant, and during the chase, before the defendant stopped, speeds of 85 miles per hour were reached. The chase stopped at a distance of two or three miles at Northwest Thirteenth and Virginia Streets, wherein the defendant slowed the car, opened the door, jumped out while the car was still in motion, and ran between two houses. The police pulled the scout car in front of the stolen automobile and pursued the defendant on foot. They found the defendant hiding behind a porch and arrested him.

Officer Robinson, who was Officer Gibbs's partner on the night in question, testified substantially to that of officer Gibbs. He further testified that he removed a car key from the defendant's jacket, which had previously been identified as being one of the keys to witness Bennett's 1966 Plymouth.

■ The first proposition asserts that the trial court erred in denying a Motion for Mistrial because of a voluntary prejudicial statement made by Officer Gibbs. The Record reflects that upon cross-examination of Officer Gibbs, defense counsel said:

"Q. Had you ever seen the person in the car before that occasion?

"A. Yes, sir, I have.

"Q. How long before this occasion?

"A. I believe it would have been two or three months. I have handled the defendant on other occasions." (TR. 18)

The Record does not reflect that defendant objected to this line of testimony until after the State had rested, wherein, on Page 30 of the Transcript, the defense counsel stated:

"MR. ANDERSON: Comes now the defendant and moves the Court to grant a mistrial by reason of the voluntary statement of the officer, that he had handled this defendant on previous occasions. I'm referring to the witness—

"MR. SCHWARTZ: Gibbs.

"MR. ANDERSON: The Witness Gibbs.

"THE COURT: Is that all?

"MR. ANDERSON: Yes, sir.

"THE COURT: Be overruled.

"MR. ANDERSON: Exception.

"THE COURT: You invited it.

We are of the opinion that defendant's contention that the police officer's voluntary statement is an evidentiary harpoon, condemned by this Court time after time. Green v. State, Okl.Cr., 481 P.2d 805 (1971). In a similar Hattensty v. State, Okl.Cr., 321 P.2d 710, when a police officer made a statement to the effect that: "I have handled Mr. Hattensty before and since," this Court stated:

"It has been held that similar remarks may not constitute sufficient grounds for reversal where evidence of guilt is clear, but will be considered in connection with the contention that the punishment was excessive as tending to prejudice the defendant with the jury."

We are of the opinion that the evidence of defendant's guilt is crystal clear, and the Officer Gibbs' remarks do not constitute sufficient grounds for reversal.

■ The next proposition asserts that the State of Oklahoma failed to identify the defendant at the trial as having committed the crime. This proposition is based on the premise that the State failed to ask the two basic questions: (1) "Is the defendant, Donald Horace Holt, in the court room today?" and (2) "Would you point out the defendant, Donald Horace Holt?" We have carefully reviewed the Record and are of the opinion that although the State of Oklahoma failed to ask the two standard questions referred to by defendant, the defendant's identification is implicit throughout the Transcript.

Officer Gibbs testified concerning the apprehension and arrest of the defendant on February 12, as follows:

"Q. I ask you, sir, if you had occasion on that date to see the *defendant, Donald Horace Holt*, anywhere? (Emphasis ours)

"A. Yes, sir, I did.

"Q. Where was it that you first saw him, please?

"A. It was in the approximate (3400) block N. W. 12th Street." (Tr. 12)

Reference is again made on pages 13 and 14 of the Transcript:

"Q. Alright. How did you happen to notice *this defendant* and what was he doing when you did notice him? (Emphasis ours)

"A. *Defendant* was sitting in a brownish colored '66 model Plymouth on the south side of N. W. 12th Street with the headlights on, the motor running, and the interior light on * * * (Emphasis ours)

"Q. How close were you to *him*? (Emphasis ours)

"A. Six Foot.

"Q. Was the interior light of the car still on?

"A. Yes, sir.

"Q. Could you see *his* face? (Emphasis ours)

"A. Yes, sir. He turned and looked toward us * * *

"Q. How close were you to *his* face as you saw it there in the light? (Emphasis ours)

"A. Approximately six foot.

" * * * * * *

"Q. Alright. What did you and your partner do when *this* man jumped from the moving car?" (Emphasis ours)

Defense counsel asked Officer Gibbs on cross-examination on Page 20:

"Q. And you say you found *this defendant* in the vicinity of where that car had stopped? (Emphasis ours)

"A. Yes, sir. The vehicle pulled in front of the house and he was directly behind the house that the car was parked in front of."

Officer Robinson testified on direct examination (Tr. 25):

"Q. I'll ask you if you were on duty on that date with your partner, if you had occasion to see *the defendant here, Donald Horace Holt*, anywhere? (Emphasis ours)

"A. Yes, I did."

The Record at Page 27 also reflects:

"Q. What did you and Officer Gibbs do when you saw that happen?

"A. Took pursuit on foot.

"Q. And what happened then?

"A. We found *Donald Holt* crouched down behind some stairs behind the corner house there." (Emphasis ours)

The Record further reflects on Page 33 that the defendant was called out of the hearing of the jury and defense counsel asked him on direct examination:

"Q. You are Donald Horace Holt, the defendant in this case?

"A. Yes, sir."

We further observe that the Record reflects that this objection as to the identification of the defendant was not raised at any stage of the trial, nor in the Motion for New Trial. We are of the opinion that, although it is the better practice for the prosecuting attorney to specifically ask a witness if he knows the defendant, and if the defendant is present in the court room to ask the witness to point out the defendant, that in the instant case, the identification of the defendant is implicit and inherent throughout the entire Transcript. We, therefore, find this proposition to be without merit.

■ The final proposition asserts that the trial court erred in admitting evidence of defendant's former convictions in the second-stage proceedings, for the reason that the Record does not reflect that the defendant was represented by counsel or had effectively waived the same, insofar as the previous convictions. We need only to observe that, although the Record does not reflect that defendant was represented by counsel nor intelligently waived the right to counsel as to the prior convictions as required by Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, that the Attorney General has timely filed a Motion to Supplement the Record, which reflects that the defendant was, in fact, represented by

an attorney as to each prior conviction. See Chester v. State, Okl.Cr., 485 P.2d 1065.

In conclusion, we observe that because of the evidentiary harpoon, that justice would best be served by modifying the judgment and sentence from a term of five (5) years imprisonment, to a term of four (4) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.