Shelby C. WELLS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–670.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1979.

David L. Thompson, Garrette, Stockwell, Miller & Brown, Miami, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Andrew Wilcoxen, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Shelby C. Wells, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Ottawa County, in Case No. CRF–78–100, with the crime of Sodomy, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 886. Punishment was fixed at ten (10) years in custody of the Oklahoma Department of Corrections. From the aforesaid judgment and sentence a timely appeal has been perfected to this Court.

At trial the elderly prosecutrix who was partially deaf and blind testified that in February, 1978, the defendant was living with her at her home in Commerce, Oklahoma, and that he mistreated her by forcing his penis into her mouth. She resisted but to no avail and when the defendant withdrew she became sick and vomited on the floor. Because she did not have a telephone she reported the incident to her next door neighbor who called the sheriff.

The neighbor, Nema Hart, testified that she looked in on the prosecutrix on February 3, 1978, and found her crying and extremely upset. Mrs. Hart had a conversation with the prosecutrix and thereafter telephoned the sheriff.

In response to Mrs. Hart's call, Deputy Sheriff Raymond Johnson went to the home of the prosecutrix on February 3, 1978, and arrested the defendant. Deputy Johnson testified that he noticed some "spittle or vomit" on the floor near a bed.

Sheriff Floyd Ingram testified that after advising the defendant of his *Miranda* rights, he questioned the defendant about the incident. Sheriff Ingram asked the defendant if he had raped the prosecutrix. The defendant replied that he had only committed oral sodomy.

■ Defendant generally asserts in the first, third and fourth assignments of error that the verdict is contrary to the law and the evidence. First, he argues that the

prosecutrix was incompetent as a witness due to her age and senility, and furthermore that her testimony was uncorroborated. An examination of the record reveals that no objection was made regarding the competency of the prosecutrix, therefore this issue has not been properly preserved for appeal. See *Mitchell v. State*, Okl.Cr., 549 P.2d 96 (1976).

▮ In *Moore v. State*, Okl.Cr., 501 P.2d 529 (1972) we held that a sodomy conviction may be sustained upon the uncorroborated testimony of the prosecuting witness unless such testimony appears incredible and so insubstantial as to make it unworthy of belief. In the instant case the testimony of the prosecutrix was not so incredible or uncertain in its material parts as to make it unworthy of belief, thus no corroboration was required. See also *Taylor v. State*, Okl.Cr., 537 P.2d 434 (1975). Although no corroboration was required in the instant case, the testimony of Floyd Ingram, Nema Hart and Raymond Johnson, as well as defendant's confession, substantially corroborated the testimony of the prosecutrix.

Defendant also contends that the State failed to identify him at trial. This proposition is based on the premise that the State did not ask the prosecutrix to point out the defendant in open court. The defendant is correct in his assertion that the prosecutrix did not identify him in open court, however, this does not make the conviction fatally defective. Although it is better practice for the prosecuting attorney to specifically ask a witness to point out the defendant, in the instant case the identification of the defendant is implicit throughout the entire transcript. See *Holt v. State*, Okl.Cr., 489 P.2d 504 (1971).

▮ Defendant contends in his second assignment of error that the prosecutor interjected his personal opinion of defendant's guilt during closing argument. The record does not contain the closing argument, due to an unexplained absence of the court reporter. However, the record does reflect attempts by the parties to reconstruct the remarks complained of. In summary defense counsel recalled that the prosecutor stated that the defendant was guilty and that he should be sent to the penitentiary. The prosecutor denies making such a statement. The court recalled that the prosecutor stated that he felt that the defendant was guilty. Because of this conflict, we can only speculate as to what was actually said assuming however that the prosecutor did, in fact, express his opinion of defendant's guilt said error could not have contributed to the verdict in light of the overwhelming evidence. Furthermore, there is no indication that defendant was prejudiced by the remark because the jury assessed the minimum penalty allowed by law.

Defendant in his final assignment of error asserts that he was denied a fair trial because of the accumulation of errors at trial. Inasmuch as we have heretofore found the preceding assignments of error to be without merit, it necessarily follows that this assignment of error is likewise without merit. See *Brinlee v. State*, Okl.Cr., 543 P.2d 744 (1976).

For all of the above and foregoing reasons, the judgment and sentence of the District Court, Ottawa County, is hereby *AFFIRMED.*

CORNISH, P. J., concurs.

BRETT, J., concurs in results.