**Jerry Anthony BLACK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-81-686.**

Court of Criminal Appeals of Oklahoma.

May 26, 1983.

Johnnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Jerry Anthony Black was convicted of Robbery with Firearms in the District Court of Tulsa County and was sentenced to fifteen (15) years' imprisonment.

The conviction stems from an armed robbery at a service station. The clerk who was robbed identified the appellant as the man who had held a gun on him and took $78.00 from the cash register.

The appellant produced three alibi witnesses who testified he was at his grandmother's home at the time of the robbery. The defense also called Detective Brown of the Tulsa Police Department who had interviewed the appellant about the robbery. He stated that the appellant told him he had nothing to do with the robbery.

I

Two of the appellant's propositions of error deal with the testimony of Detective Brown. He first claims he was denied a fair and impartial trial when the police officer injected an evidentiary harpoon. After the officer was asked if he had determined with whom the appellant was living, he responded:

"A No. I told you that the defendant was reluctant to discuss with me the details of the offense or provide me with any information by way of alibi, so any discussion—

Q I understand that.

A —so my discussion was limited. *I have the information from his criminal records that show*— (emphasis ours).

MR. FISCHER: If it please the Court, may we approach the bench?

THE COURT: Very well.

(The following ensued out of the hearing of the jury.)

MR. FISCHER: If it please the Court, comes now the defendant and moves for a mistrial by reason of the witness's testimony in that area which would be totally prejudicial to the defendant, and would do nothing but arouse and inflame the prejudice of the jury to the detriment of the defendant.

The judge admonished the jury not to consider the statement of the witness, but overruled the defense counsel's motion for a mistrial.

 Police officers should not, while on the witness stand, make voluntary statements consciously aimed at prejudicing the rights of the defendant. *Hager v. State,* 612 P.2d 1369 (Okl.Cr.1980). Evidentiary harpoons have been found where certain typical features were present: (1) they are

generally made by experienced police officers; (2) they are voluntary statements; (3) they are willfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial.

■ The statements were made by a detective with sixteen (16) years experience as a law enforcement officer. They were voluntary rather than inadvertent and prejudicially focused on evidence of other crimes. Remarks such as these may not be sufficient grounds for reversal when evidence of guilt is clear, but may be considered in modifying the sentence. See *Holt v. State,* 489 P.2d 504 (Okl.Cr.1971).

■ The appellant next contends the trial court committed reversible error by improperly questioning Detective Brown. It is well settled that a trial judge has wide latitude in conducting a trial, including the right to question a witness for the purpose of clarifying testimony, so long as he does not indicate to the jury his views of the issues in contention. *Brown v. State,* 506 P.2d 1396 (Okl.Cr.1973). The trial court here, in an attempt to clarify testimony, asked Detective Brown to state specifically the *Miranda* rights he had given the appellant prior to his appearance in a lineup. In no way did the judge indicate his views on any issue through this questioning. We therefore find that the trial court acted within the proper exercise of sound discretion.

## II

■ The appellant alleges that the trial court's conduct and rulings denied him a fair and impartial trial, citing examples of certain of the court's remarks he contends denigrated the defense counsel in ruling on objections. The appellant also points out other instances including the trial judge's following remarks to the jury after the verdict was returned and the jury polled:

I would like to state before the jury leaves one thing, and that is the fact, if any of you have any reservations whatso-

ever about this, the defendant was convicted of robbery with firearms on another charge just a few months ago across the hall. I think you did an appropriate job in this case, not based upon that, but from the facts in this case. If any of you have any reservations, I would like to make that statement.

The appellant argues that this statement revealed the trial court's personal opinion of his guilt. However, this remark could not have prejudiced the jury since they had already found him guilty and recommended a sentence.

This Court held in *Puckett v. State,* 363 P.2d 953 (Okl.Cr.1961), that:

it is well to state that the trial judge should preside over the trial with judicial conduct, pass upon questions of law, keep decorum and rule upon the admissibility of the evidence. Because of his position he must be ultra-cautious in refraining from any statements upon which the wrong interpretation must be placed or from which an inference might be drawn that would prejudice the defendant.

A review of the record convinces this Court that the conduct of the trial court did not in any way prejudice the appellant. In responding to objections by defense counsel the judge in no way expressed his personal opinion as to the appellant's guilt or other facts in issue.

## III

■ The appellant further asserts error occurred in the prosecutor's continual questioning of the defense's alibi witnesses as to their failure to contact any law enforcement agency concerning the alibi.

This Court has recently held that questioning alibi witnesses concerning their failure to come forward with their information before trial is admissible. This method of cross examination of alibi witnesses was utilized in *Walker v. State,* 556 P.2d 1317 (Okl.Cr.1976) and in *Glover v. State,* 531 P.2d 689 (Okl.Cr.1975). In *Glover* we pointed out that "the privilege of a witness against self incrimination is a personal priv-

ilege and the accused has no standing to invoke this privilege for a third person." In *Walker* we further stated that this privilege does not vicariously extend to the pretrial silence of third persons.

## IV

■ The next assertion of error deals with the prosecutor's trial conduct which the appellant claims denied him a fair trial. It included the prosecutor asking the appellant's grandmother:

Q. Ma'am, his friends aren't the kind he would be ashamed to bring to your house, would they?

Since the defense's objection to this question was sustained and the witness was not required to respond, we find that the appellant was not prejudiced by this question. We further note that defense counsel failed to request that the jury be admonished to disregard the question.

■ The appellant also cites other remarks he considers to be improper side bar comments by the prosecutor. The cited comments do not appear to be so grossly improper as to have prejudiced the appellant; furthermore, the trial court specifically admonished the jury on two occasions that any side comments by counsel for the State or defense were not to be considered in the case.

■ This contention also deals with the prosecutor's comments during closing argument. It is widely held that counsel for both the State and defense have a right to discuss fully from their standpoints the evidence and all inferences and deductions arising from them during closing argument. *Satepeahtaw v. State*, 595 P.2d 805 (Okl.Cr. 1979). The disputed prosecutorial comments during closing arguments were within the scope of permissible argument and were reasonable inferences from the testimony presented at trial.

During closing argument the prosecutor questioned why the appellant did not have his girlfriend testify that she was with him at the time of the robbery. Appellant argues that it was improper to comment on his failure to present a defense witness. This Court held in *Assadollah v. State*, 632 P.2d 1215 (Okl.Cr.1981), that the general rule in Oklahoma is that where a person might be a material witness in a defendant's behalf and he is not placed upon the stand by the accused nor his absence accounted for, failure to produce him as a witness is a legitimate matter for comment in the argument of the State.

■ The appellant's final contention of error is that the accumulation of errors when considered as a whole deprived him of a fair and impartial trial and warrant reversal. Since the only error we have found was the evidentiary harpoon, which we believe requires modification rather than reversal, there is no accumulation of error justifying reversal. As this Court held in *Haney v. State*, 503 P.2d 909 (Okl.Cr.1972), if previous errors are without merit then the propositions considered collectively would also be without merit.

The conviction of the appellant is AFFIRMED and the sentence is MODIFIED from fifteen (15) years to ten (10) years imprisonment.

BUSSEY, P.J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting:

I respectfully dissent to this decision. In his third assignment of error appellant asserts that the cross-examination of appellant's alibi witnesses was improper. I believe appellant is correct. The prosecutor continued to inquire of the alibi witnesses concerning why they did not come forward to the police, the sheriff, or the district attorney and tell their story. In each instance they ultimately answered that they didn't know that they should; and that they did make such known to the defense counsel. For the same reasons I concurred in *Buchanan v. State*, 523 P.2d 1134 (Okl.Cr. 1974); and for the same reasons I dissented to *Glover v. State*, 531 P.2d 689 (Okl.Cr. 1975), I am compelled to dissent to this decision. As I stated in my dissent to *Glover*, supra, at page 694, quoting from 2

Underhill's Criminal Evidence, § 443 (5th Ed.1956):

> A witness called to prove an alibi may be asked when his attention was called to the charge against the accused, and what was the date of the crime. He cannot, however, be asked, in order to impeach him, what he did to inform the prosecuting attorney of the whereabouts of the accused.

In this case the prosecutor attempted to make it appear to the jury that the alibi witnesses should have come into his office and informed him of all they knew. That is not required of any defense witness, notwithstanding the position taken by the prosecutor. For the reasons set forth in appellant's third assignment of error I would reverse and remand this conviction for a new trial. Therefore, I dissent.