Carrie JOHNSON, a/k/a Carrie Cherbonnier, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-513.

Court of Criminal Appeals of Oklahoma.

March 16, 1988.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Carrie Johnson, a/k/a Carrie Cherbonnier, was convicted in the District Court of Hughes County Case No. CRF–84–70–A of Permitting Beating or Injuring a Child and was sentenced to 2½ years imprisonment, and she appeals.

The facts disclosed by the parties and the record reveal that D.J., the victim of the abuse here charged, entered a restaurant in Seminole, Oklahoma on July 31, 1984, and asked Leeta Conway, an employee there, for permission to use the phone. Conway agreed, but the call was not completed because it was improperly dialed. In trying to help the victim, Conway phoned the police who came to the restaurant. There they found D.J. who had bruises on his head and legs. D.J. told them that his stepfather had beaten him, and on the way to Wal–Mart had threatened to tie him up and throw him in the river. When the stepfather went into Wal–Mart, the victim left the car and eventually came to the restaurant.

While the police were still with the victim at the restaurant, the stepfather arrived looking for the child. The police asked the stepfather to go get his wife, the appellant,

and meet them at the police station, which he did.

After questioning and an investigation showing bruises on the victim's back, buttocks, and penis, an information charging child abuse under 21 O.S.1982 Supp., § 843 was filed in Seminole County against the appellant and her husband, jointly. The information was subsequently amended to include the charge of Permitting Child Abuse, the cases against the appellant and the stepfather were severed, and venue was changed to Hughes County. After trial before a jury, appellant was convicted of having Permitted Child Abuse, and now appeals.

Appellant asserts that evidence at the trial was insufficient to result in a conviction. The standard for sufficiency of evidence on appeal is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). The elements of Permitting Child Abuse are 1) knowingly, 2) permitting, 3) injury or use of unreasonable force, 4) upon a child under the age of 18, and 5) by one under a legal duty to render aid to the child. Appellant contests the findings of the first two elements only.

The fact that appellant knew of the use of unreasonable force against her son is shown by the contents of a letter, part of which was read into evidence at the trial, which she wrote to her husband saying, "You've got mad, beat his butt something awful. You care less if you leave marks." Furthermore, she testified in her written statement to the police that she had left the victim at home at least twice before because of bruises on his face and legs.

■ Appellant urges that "ordinary bruises" will not suffice to show conduct proscribed by the statute, and that knowledge of the bruises in this case was not sufficient for purposes of the statute. Appellant relies on the Commission Comment to Oklahoma Uniform Jury Instructions

(1981) OUJI 42–23, p. 62, which states, "The conduct proscribed by the statute is both extreme and severe, as demonstrated by the cases." While "ordinary bruises" may not satisfy such a standard, appellant was aware not only of the bruises, but of the severity of the beatings which could be heard in different rooms of the house, and of the extreme nature of the conduct, which included beating the victim with a belt, a tube, a brush, a yardstick, and a board. She was also aware that her husband had used clamps on the victim's hands and fingers. This evidence is sufficient for a jury to have found beyond a reasonable doubt that appellant knew that D.J. was being abused.

■ As to whether appellant actually permitted the abuse of her son, testimony was offered to show that when appellant was approached by the victim's grandparents about the bruises, she defended her husband, and despite the appearance of bruises on the victim for over a month prior to filing of the original information, she contacted no doctors or State officials in an attempt to help the child. On this evidence, a jury could reasonably have found beyond a reasonable doubt that appellant permitted the abuse used against the child.

■ Appellant next argues that the trial court committed reversible error by entering the judgment of conviction after having stated, "... it's obvious that you have established the guilt aspect," before the jury had properly arrived at a sentence for the defendant. The appellant's assignment is based on 22 O.S.1981, § 921 which states:

When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation.

Appellant urges that the final clause requires further deliberation of all issues, and that it is reversible error for the trial judge to separate the guilt question from

the punishment aspect in this case. The State urges that no reversible error occurred because the judge's remark occurred after the jury had in fact determined the appellant's guilt. In support of the State's contention, the record reflects that the judge's statement was made after the jury had sent a question to the judge during deliberations asking what the minimum sentence was, and after a juror in open court had asked whether the sentence must be arrived at by a majority of the jurors, or by all of the jurors unanimously. After the judge's statement, the jurors were polled on the question of guilt only, and all indicated that they had found the appellant guilty. Appellant argues that nothing before the judge's statement proves what the jury had decided, the poll after the judge's remark was improper procedure, and the judge's remark was so prejudicial that the jurors' votes were influenced, requiring granting of a mistrial which was denied by the trial judge.

No Oklahoma authority is directly on point. The State relies on *Crawford v. State*, 688 P.2d 357 (Okl.Cr.1984). That case does not speak to the issue raised here, however, because in that case the jury was sent back to deliberate and returned with a verdict of guilty along with a sentence properly determined.

■ Appellant asserts that ambiguous verdicts are void in Oklahoma under *Williams v. State*, 92 Okl.Cr. 70, 220 P.2d 836 (1950). In that case, however, the court also stated that if it is possible to arrive at the intent and purpose of the jury, the verdict should be upheld. Although reversal was granted in that case, the rule laid down was: "A verdict resulting from confusion as to the law of the case, *where it is clear that a different result favorable to the accused might have resulted,* in the absence of confusion, should not be permitted to stand where the defendant's rights have been materially affected ..." *Williams*, 220 P.2d at 843. [Emphasis added].

It is not clear in this case that a different result favorable to the appellant might have resulted had not the jury been con-

fused as to whether the punishment must be decided by a unanimous vote. On the contrary, upon polling the jurors on the question of guilt, all jurors indicated that the appellant had been found guilty. No evidence is offered to prove otherwise, much less that a different result was clearly possible.

Since it does not appear that appellant's rights have been materially affected or that a different result was clearly possible, appellant's second assignment of error must fail.

■ Appellant also argues that it was reversible error for the judge to allow questions concerning an uncharged incident in which the victim's arm was allegedly broken by the husband some 4 months prior to filing the information. Although evidence of such an event may be prejudicial, in this case where the incident was brought up in appellant's statement to the police, the husband denied responsibility for it on the stand, the trial judge prevented any further questions concerning the incident, and the evidence apart from the broken arm was sufficient to result in conviction, the error, if there was one, did not materially prejudice appellant's rights. *Black v. State*, 664 P.2d 1054 (Okl.Cr.1983).

Appellant's final argument concerns whether due process was denied because she was convicted of a crime not charged in the information. The contention is without merit, since an amended information including the charge of Permitting Child Abuse was filed on August 9, 1984, and appellant was arraigned on that information on August 27, 1984. Nothing in the record indicates anything contrary.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree with the majority in the results reached, I write separately due to the unusual circumstances surrounding the polling of the jury. The appellant's trial

was completed November 28, 1984, and the jury was excused to begin deliberations. After a few hours, they announced that they had reached a verdict, and were subsequently brought back into the courtroom. The foreman stated that a verdict had been reached and handed it to the bailiff. The verdict was guilty and punishment was assessed at three (3) years. The defense attorney requested that the jury be polled. During the course of the polling, one juror answered in the negative when asked if it was her verdict. The trial judge immediately told the jury that they would be required to continue their deliberations. One juror spoke up, asking whether the punishment must be unanimously decided. After the juror's comment, the judge decided to poll each juror again to determine whether a verdict as to guilt had been reached. Each juror answered in the affirmative. They were then dismissed to determine punishment, and later assessed punishment at two and one-half (2½) years.

Title 22 O.S.1981 § 921 allows for the polling of the jury after rendition of the verdict but before recordation. If any juror states that he disagrees with the verdict, the jury must be sent out for further deliberation. *Id.* In the present case, there was a disagreement about the length of punishment, but not as to guilt. The second polling clearly indicates that the verdict as to guilt was unanimous. Furthermore, the appellant was not prejudiced by these events because the punishment was reduced from three (3) years to two and one-half (2½) years.

Accordingly, I would affirm.